11    63
11    590
39*  244
40*  137

[No. 1629. Decided February 4, 1895.]

THE STATE OF WASHINGTON, *on the Relation of Schwabacher Bros. & Co.*, v. THE SUPERIOR COURT OF THE STATE OF WASHINGTON IN AND FOR KING COUNTY *et al.*

WRIT OF PROHIBITION — ACTION BY RECEIVER TO ENJOIN EXECUTION — ATTACHMENT BY EXECUTION CREDITOR — PRIORITIES.

Prohibition will not lie to prevent the carrying into effect of an order of the superior court restraining the sale of the property of an insolvent corporation upon the execution levy of a judgment creditor and ordering the transfer of the property to the hands of the receiver, when such judgment creditor has been made a party to the injunction suit, and the order therein fully preserves and protects its rights. ( HOYT, C. J., dissents.)

The fact that, subsequent to the commencement of suit by a receiver to restrain an execution sale of the trust property, the judgment creditor acquires an attachment lien, does not suffice to give such creditor priority over the receiver. (*State v. Superior Court*, 7 Wash. 77, and *State v. Superior Court*, 8 Wash. 210, distinguished.)

*Original Application for Prohibition.*

*Donworth & Howe*, for petitioner.

*Allen & Powell*, for respondents.

The opinion of the court was delivered by

SCOTT, J.—This was an application for a writ of prohibition. The Abrams Grocery Company was a cor-

poration organized and doing business under the laws of this state. The relator, Schwabacher Bros. & Co., claimed a lien upon its property, which consisted of a stock of groceries, by virtue of an execution levy issued upon a judgment which had been confessed by the Abrams Grocery Company. The respondent, Wesley Compton, had been appointed receiver of said company in a suit instituted by one of its creditors.

Thereafter, and prior to a sale of the property aforesaid under said execution levy, said receiver instituted an action against the relator and certain other creditors of said company, alleging that the judgment aforesaid was invalid and was an attempted fraudulent preference of a creditor; that certain other of the creditors claimed certain interests in the property or liens by virtue of attachment levies, and that said property so levied upon was all the property owned and possessed by the Abrams Grocery Company, and asked that the sale aforesaid be restrained, and the property turned over to said receiver; and said creditors were cited to show cause why such sale should not be restrained and the property turned over to the receiver. Of the creditors cited the relators were the only ones who appeared to contest the same. A hearing was had thereon, whereupon the court ordered that the sale aforesaid be restrained, and that the property be turned over to the receiver; and the court having found that said property was of a perishable nature, further ordered that the receiver convert the same into money, and pay the same into court, to await the trial and determination of the issues raised in the suit aforesaid brought by the receiver.

The formal order was not signed at that time, but a written memorandum thereof was entered upon the minutes of the court, and the court directed a formal

order to be prepared, which was done, and submitted to the court and signed on the succeeding day. At the time the formal order was presented for the signature of the judge, the relator again appeared and objected thereto, and further represented to the court that it had a further lien upon said property by virtue of an attachment levy thereon, which point, it appears by the affidavits submitted by said relator at the hearing, and by the return of the court, had not been raised at the time of the hearing, or prior to the announcement of the order and minute thereof, as aforesaid. We do not regard it as material whether relator had an attachment lien in addition to the execution lien, except that it was not in issue in the suit brought by the receiver, having arisen subsequent thereto. But, not having been presented in time, it was not entitled to consideration. If it had been so presented, the complaint could have been amended to include it, and an issue raised thereon for the court to determine in the matter then before it.

It is contended that the writ should issue on the authority of *State v. Superior Court*, 7 Wash. 77 (34 Pac. 430), and *State v. Superior Court*, 8 Wash. 210 (35 Pac. 1087). Many cases were there considered by the court to which we think it unnecessary to again refer. But the facts presented here do not bring this case within the authority of either of the two cases mentioned; nor do we think the rule should be extended to include a case like the present one. If the matters alleged by the receiver are determined in his favor, the creditors of the Abrams Grocery Company clearly have a right, under the decisions of this court, to have its property preserved and equitably distributed among them in payment of their respective claims, regardless of the rights

of the insolvent corporation, or what it could do in the matter.

The court was satisfied upon the proof submitted to grant the order restraining the sale, and this is the substantial matter complained of, although the matters with respect to turning the property over and its conversion into money were substantially involved therein; and upon finding that the sale should be restrained, and that the property was of a perishable nature, the court had authority to direct the same to be turned over to the receiver to be converted as aforesaid for the purpose of preserving the same.

This case differs essentially from the two preceding cases cited, in that the Abrams Grocery Company was shown to be an insolvent corporation, and that the relator claimed the right and was proceeding to sell the entire property to satisfy its judgment, and the relator and the other creditors were parties to the suit wherein such action was taken, and their respective liens were not lost nor interfered with in such suit or proceeding further than to restrain the sale pending a trial of the issues raised. We clearly would not prohibit the action of the court in restraining a sale of the property, and as the claimed lien of the relator is not lost but is clearly preserved by the order aforesaid, and as the order directing a transfer of the property from the sheriff to the receiver was simply a transfer from the possession of one officer of the court to another, whereby it might be better preserved to answer the claims of the creditors, and as the relator can lose none of its rights in the premises, and have the right to appeal in that cause, we are satisfied that the issuance of a writ of prohibition would be an unwarranted inter-, ference with the proceedings of the lower court, not

necessary to preserve the rights of the relator in any manner.

There can be no technical right existing in the relator, under the circumstances of this case, to have the property remain in the custody of any particular officer of the court; and the court having found that the property could best be preserved by transfering it to the receiver, and having the same converted into money, its judgment should be respected, and the parties interested made to litigate their rights, in said action.

Writ denied.

DUNBAR, ANDERS and GORDON, JJ., concur.

HOYT, C. J. (*dissenting*).—I think that the rule announced in the cases cited requires a different conclusion from the one announced in the foregoing opinion, and for that reason am compelled to dissent.