162 US 336
0 LEd 990

# The Great Western Telegraph Company

*v.*

## B. Loewenthal.

154  261
73a  384

### Filed at Ottawa October 29, 1894.

1. PLEADING—*allowance of additional plea without affidavit.* An affidavit is not essential to justify the action of the judge in allowing an additional plea to be filed, where it is not required by statute and all the facts are known to the court.

2. APPEAL—*when allowance of sworn additional plea not reversible error.* Allowing a sworn plea to be filed to enable a defendant to deny the execution of a written instrument, after the introduction of the evidence, is not reversible error, especially where the execution was admitted on the trial.

3. CORPORATIONS—*conditional subscription to capital stock.* A subscription to capital stock, delivered to an agent soliciting subscriptions, with instructions not to deliver it to the company until further investigations as to the latter's character are made and directions for its delivery are given, does not constitute the signer a stockholder under an irrevocable liability for assessments.

4. SAME—*what facts will show cancellation of stock subscription.* A subscription to the stock of a corporation, given a soliciting agent with directions not to deliver it until investigations could be made and delivery should be directed, is not binding upon the subscriber, in a suit by a receiver of the corporation, where, after making investigations, he directed its cancellation, and was told the subscription was canceled, and for nearly twenty years was not recognized as a stockholder.

5. SAME—*power of court to assess stock through receiver.* The court, through a receiver, has no more power to make and enforce payment of assessments upon corporate stock than the directors would have had if no receiver had been appointed.

6. EVIDENCE—*want of delivery of subscription may be proven by parol.* Parol evidence is admissible to show that there was no delivery of a subscription to the stock of a corporation, left in the hands of the soliciting agent, to be withheld until investigation could be made and directions given for delivery.

7. DECREE—*does not affect one not a party.* A decree against the stockholders of a corporation does not affect the rights of one who has not made a binding subscription, and was not a party to the action or declared a stockholder.

*Great Western Telegraph Co.* v. *Loewenthal,* 51 Ill. App. 447, affirmed.

WRIT OF ERROR to the Appellate Court for the First
District;—heard in that court on writ of error to the Cir-
cuit Court of Cook county; the Hon. RICHARD W. CLIF-
FORD, Judge, presiding.

THOMAS J. SUTHERLAND, for plaintiff in error:

The verification to the plea of general issue should not
have been permitted to be filed after the trial had begun.
*Fisher* v. *Greene,* 95 Ill. 94; *Fielding* v. *Fitzgerald,* 130 id. 441.

This instrument of writing, signed and delivered by
the defendant, is clearly embraced in the list of instru-
ments governed by the statutes of Illinois. Rev. Stat.
chap. 98, sec. 3; *White* v. *Smith,* 77 Ill. 352; *Railroad Co.* v.
*Gammon,* 5 Sneed, 570; *Spangler* v. *Railway Co.* 21 Ill. 279;
*Harper* v. *Ely,* 70 id. 586.

As such an instrument in writing, it could not be
varied by proof of a collateral parol agreement. *Bank* v.
*Railway Co.* 145 Ill. 222.

This court has applied the rule to all kinds of instru-
ments of writing, for the payment of money and other-
wise. As applied especially to contracts of subscriptions
for stock, and to pay for the same, see 2 Beach on Private
Corp. secs. 531, 538, and notes; *Jewett* v. *Railway Co.* 34
Ohio St. 601; *Railroad Co.* v. *Eastman,* 34 N. H. 124; *Blodgett*
v. *Morrill,* 20 Vt. 514; *Foy* v. *Blackstone,* 31 Ill. 541; *Eighmie*
v. *Taylor,* 98 N. Y. 289; *Melvin* v. *Insurance Co.* 80 Ill. 456;
*Corwith* v. *Culver,* 69 id. 506; *Jewell* v. *Paper Co.* 101 id. 66;
*Graff* v. *Railroad Co.* 31 Pa. St. 497; *Robinson* v. *Railroad Co.*
id. 339; *Railroad Co.* v. *Myers,* 16 Abb. Pr. 37; *Downie* v.
*White,* 12 Wis. 176; *Railroad Co.* v. *Fields,* 10 Ind. 187; *An-
derson* v. *Railroad Co.* 12 id. 376; *Railroad Co.* v. *Pearce,* 28
id. 502; *Railroad Co.* v. *Bailey,* 24 Vt. 476; *Railroad Co.* v.
*Gammon,* 5 Sneed, 568; *Railroad Co.* v. *Waters,* 34 Me. 369;
*Insurance Co.* v. *Floyd,* 74 Mo. 286; *Martin* v. *Railroad Co.*
8 Fla. 382; *Miller* v. *Railroad Co.* 87 Pa. St. 98.

The agent, Van Buren, had no power to act as the
agent of the defendant to take his subscription upon

a condition, or to act as the escrow of the defendant.
6 Am & Eng. Ency. of Law, 857; *Raymond* v. *Smith*, 5 Conn.
559; *Price* v. *Railroad Co.* 34 Ill. 36; *Lowe* v. *Railroad Co.* 1
Head, 660; *Wright* v. *Railroad Co.* 16 B. Mon. 5; *Moss* v.
*Riddle*, 5 Cranch, 357; *Worrall* v. *Munn*, 5 N. Y. 238; *Bro-
man* v. *Bingham*, 26 id. 491; *Truman* v. *McCallum*, 20 Wis.
369; *Railroad Co.* v. *Herod*, 10 Ind. 12; *Minneapolis T. M. Co.*
v. *Davis*, 40 Minn. 110. '

ROSENTHAL & HIRSCHL, for defendant in error :

Subscription may be delivered in escrow, even to the
solicitor of the company, (*Railroad Co.* v. *Hall*, 1 Ill. App.
612,) or to a solicitor appointed by citizens interested in
organizing a railroad.   *Railroad Co.* v. *Palmer*, 19 Wis. 574.

The maker may testify that the agreement was that
the agent should not deliver the note, but hold it, and
pay it out of commissions accruing to the maker.   *Insur-
ance Co.* v. *Beaver*, 26 Ill. App. 349.

Parol evidence is admissible to show that a written
contract was not in fact delivered, even though the obli-
gee himself may have possession thereof.   *Biederman* v.
*O'Connor*, 117 Ill. 493.

A lease, though in the lessee's hands, may be shown,
by parol, to have been given him for the purpose of ob-
taining a guarantor thereon, although it contains no
clause to that effect.   *Jordan* v. *Davis*, 108 Ill. 336; *Wester-
man* v. *Krumweide*, 30 Minn. 313.

A note, though delivered to the payee's attorney, may
be defeated by parol evidence that it was to be held until
signed by another party.   *Perry* v. *Patterson*, 5 Humph. 133.

TENNEY, CHURCH & COFFEEN, also for defendant in
error.

WILKIN, C. J.:   The Great Western Telegraph Com-
pany, a corporation organized in 1867, commenced its
action of assumpsit against B. Loewenthal, the defend-
ant in error, to recover an amount claimed to be due from

him upon an alleged subscription to the capital stock of said company.   An agent of the company, about the time of its organization, for the purpose of soliciting subscriptions to its capital stock, called on Loewenthal and solicited him to subscribe for stock, and the latter gave him his subscription for one hundred shares, with directions to hold it, and not deliver it to the company until he (Loewenthal) should make further investigation as to the character of the company and give directions for the delivery thereof, and it was received by the agent on those terms.   The subscription paper required the payment of fifty cents per share upon the making of any subscription. Loewenthal did not pay the fifty cents, and upon investigation, on the same day of his subscription or very soon thereafter, he notified the agent not to deliver the same, and also notified the secretary of the company of the condition on which the subscription was given to the agent, and that he had forbidden its delivery and would not take the stock.   Both the agent and secretary informed him that the subscription was canceled, and, in effect, that no claim would be made against him on account thereof. The organization of the company was completed, and no claim was made by Loewenthal to be a stockholder nor by the company that he was such, neither did his name appear in the list of stockholders, nor was any certificate of stock issued to him.   In 1874 the company and its effects passed into the hands of a receiver, when it was found to be largely indebted, and an assessment was made by the court of thirty-five per cent of the capital stock, and its payment to the receiver ordered.   No claim was made upon Loewenthal for this assessment until 1887, when thirty-five per cent of the par value of the one hundred shares alleged to have been subscribed for by him, less fifty cents per share credited as paid when the subscription was made, was demanded, and upon his refusal to pay the same this suit was brought.   Upon the trial, judgment was rendered for defendant, which was

affirmed in the Appellate Court, whence the case is brought to this court.

In the trial court the defendant filed the plea of general issue, and it was stipulated between the parties that any evidence might be given thereunder which would be competent under any special plea properly pleaded. The trial was before the court without a jury, and after the evidence had been introduced, but before the decision of the case, defendant asked and obtained leave to file, and filed, a plea of the general issue, with an affidavit denying the making and delivery of the written contract sued on. Objection was made that no affidavit or other evidence was offered in support of the motion for leave to file the sworn plea. The objection was overruled, and this is urged as error. There is no pretence that plaintiff was taken by surprise, or that any new defense was presented by the new plea. No further evidence was offered under it, nor was the plaintiff placed in any different position by allowing it to be filed. No motion was then made by plaintiff for a continuance, or for further time in which to meet the defense under this plea.

We do not think it follows from what is said in the case of *Fisher* v. *Greene*, 95 Ill. 94, or *Fielding* v. *Fitzgerald*, 130 id. 437, as contended by counsel, that the ruling of the court in this case in permitting the additional plea to be filed was erroneous. No reason is apparent why a court should require an affidavit for its action where an affidavit is not required by statute, and the facts are as well known to the court without such affidavit as with it. But if the action of the court in this respect had been erroneous, in the view we take of the case it would not have been such error as to require a reversal of the judgment below.

Under the plea and stipulation filed, any competent evidence, under any proper special plea, was admissible. Whether this waived a sworn plea otherwise necessary to the defense need not be decided. The affidavit filed with the plea by leave of court only extended to, and was

for the purpose of denying, the execution of the instrument sued on, as required by section 33 of the Practice act. That section declares that "no person shall be permitted to deny, on trial, the execution or assignment of any instrument in writing, * * * unless the person so denying the same shall, if defendant, verify his plea by affidavit." Conceding that the verification is such a part of the plea as that it is not waived by a stipulation like the one here made, still there was, in fact, no denial, at the trial, of the execution of the instrument sued on. The signature was admitted to be the signature of the defendant, and it was not contended that the instrument had been changed subsequently to the signing. The defense was that the instrument did not constitute the defendant a stockholder; that it was not delivered by defendant to plaintiff; that its execution was obtained by fraud, and that if the instrument ever had any force it had been revoked and canceled by the parties thereto. No verification of the plea was necessary to render proof of these defenses admissible. Allowing the plea, with a verification, to be filed after the introduction of the evidence was, in no view of the case, reversible error.

Various errors are assigned, based on the position that the instrument signed by defendant constituted him a stockholder, and created an irrevocable liability for capital stock assessments, from which there could be no release except by payment or the Statute of Limitations. This position we regard as wholly untenable. Parol evidence has been held admissible to show non-delivery of a deed, promissory note or other instrument in writing, and to prove that a deed absolute in form is in fact but a mortgage, and we see no sufficient reason for holding that such evidence was not admissible to show that there was no delivery of the instrument sued on in this case. There is no dispute as to the facts. The agent was only an agent to solicit subscriptions. As before stated, defendant signed the paper and left it in the hands of the

agent, with directions, and with the assent of the agent, to withhold it until certain investigations could be made, and until directions for the delivery of the subscription to the company should be given by defendant in error if the investigation proved satisfactory.  Promptly, and within a reasonable time, he made the investigation,which did not prove satisfactory, and immediate notice was given to the agent to withhold the subscription and cancel the same, and to the secretary of the company that the subscription was given to the agent conditioned as above stated, and that it should be canceled.  Both the agent and the secretary acquiesced in the demand of the defendant, and told him that his subscription was canceled and he would not be considered a stockholder or troubled about the matter, nor was he then placed upon the list of stockholders.  He did not pay the fifty cents advance payment required of stockholders, nor in any manner participate in the proceedings of the company as a stockholder, nor did he at any time claim to be a stockholder. He was not recognized as a stockholder, and no demand was made upon him for payment of assessments upon the capital stock of the company, though assessments were made, and the company was largely in debt and in need of money for nearly twenty years after the alleged subscription was made.

The decree in the case of *Terwilliger* v. *Great Western Telegraph Co.* 59 Ill. 249, did not make Loewenthal a party by name, and if he was affected by the decree in that case it was because he was one of the stockholders, and included within the term "stockholders," used in the decree in that case.  The court did not undertake to declare him a stockholder or to determine who were stockholders of the company.  That case does not, therefore, in any way affect his rights in this.

The other cases cited by counsel for plaintiff in error, and to which it was a party, do not touch upon what we hold to be a complete defense to this action.   The court,

through its receiver, had no more power to make and enforce payment of assessments than the directors and courts would have had if no receiver had been appointed. The assessment could extend no farther than would an assessment made by the board of directors if no receiver had been appointed and there had been no interference in the affairs of the company by the court. The court could not make new stockholders or create new liabilities, and, as we have seen, defendant was not treated as a stockholder by the corporation or those interested in it, and could not have been held liable to an assessment made by its directors.

In our opinion the defendant never became a stockholder of the corporation, and for that reason was not liable in this action. The question as to whether plaintiff in error should be held estopped by its acts to enforce liability against him need not therefore be considered.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

MAGRUDER and BAKER, JJ.: We dissent from this opinion and from the conclusion reached.