## Henry J. Reynolds v. Leon Mandel et al.

73  379
77  529
175s 615

1.  PRACTICE—*Filing Pleas Pending Trial.*—Allowing the filing of a plea during the pendency of a trial without imposing conditions is a matter within the discretion of the court.

2.  SAME—*Pleas of Former Adjudication.*—Where some controlling fact or question material to the determination of both the causes has been adjudicated in the former suit by a court of competent jurisdiction, and the same fact or question is again at issue between the same parties, its adjudication in the first will, if properly presented, be conclusive of the same question in the later suit, irrespective of whether the cause of action is the same in both suits or not.

**Trespass,** *quare clausum fregit.*   Appeal from the Circuit Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.   Heard in this court at the October term, 1897.   Affirmed.   Opinion filed February 14, 1898.

J. S. HUEY and FRANK J. SMITH, attorneys for appellant.

It is undoubtedly the law that a matter which has been so solemnly adjudicated by a court of competent jurisdiction shall be deemed finally and conclusively settled in any subsequent litigation between the same parties, "but," as is said in Kitson v. Farwell, 132 Ill. 339, "neither the judgment of a concurrent nor conclusive jurisdiction is evidence of any matter which came collaterally in question, though within their jurisdiction, nor of any matter incidentally cognizable, nor of any matter to be inferred by argument from the judgment." Citing 1 Phillips on Evidence, E. V. 321, and Greenleaf on Evidence, 565.

TENNEY, McCONNELL, COFFEEN & HARDING, attorneys for appellees.

A point once adjudicated by a court of competent jurisdiction, however erroneous the adjudication, may be relied upon as an estoppel in any subsequent collateral suit in the same or any other court at law, or in chancery or in admiralty, when either party, or the privies of either party, allege anything inconsistent with it; and this too, whether the subsequent suit is upon the same or a different cause of action. Bigelow on Estoppel, 57.

Where the former adjudication is relied on as an answer and bar to the whole cause of action, or, in other words, where it is claimed to be an answer to all the questions involved in the subsequent action, then it must appear, as claimed by defendants in error, that the cause of action and thing sought to be recovered are the same in both suits. The former adjudication, in cases of this class, is technically known as an estop-

pel by judgment, and the judgment itself is commonly characterized as a bar to the action; but where some specific fact or question has been adjudicated and determined in a former suit, and the same fact or question is again put in issue in a subsequent suit between the same parties, its determination in the former suit, if properly presented and relied on, will be held conclusive upon the parties in the latter suit, without regard to whether the cause of action is the same in both suits or not. This species of estoppel is known to the law as an estoppel by verdict, and is equally available to a plaintiff in support of his action, when the circumstances warrant it, as when offered by a defendant as a matter of defense. The estoppel relied on in the present case clearly belongs to the class last considered, so it is unimportant whether the cause of action is the same in both cases or not. Although there is the diversity in the two classes of cases we have mentioned, it is apprehended there is no material difference in the principles by which they are governed.

Whether the adjudication relied on as an estoppel goes to a single question, or all the questions involved in a cause, the fundamental principle upon which it is allowed in either case is, that justice and public policy alike demand that a matter, whether consisting of one or many questions, which has been solemnly adjudicated by a court of competent jurisdiction, shall be deemed finally and conclusively settled in any subsequent litigation between the same parties, where the same question or questions arise, except where the litigation is a direct proceeding for the purpose of reversing or setting aside such adjudication. Tilly v. Bridges, 105 Ill. 336.

A verdict and judgment are conclusive of all matters presupposed by the finding. A judgment rendered upon a promissory note is as between the parties to

the record and their privies, conclusive as to the validity of the instrument. The effect of a judgment as a bar or estoppel, is that it is a finality, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Campbell v. Goodall, 8 Ill. App. 266; Rogers v. Higgins et al., 57 Ill. 244.

This doctrine is limited to matters necessarily involved in the litigation, but it is equally applicable whether the point was, itself, the ultimate vital point, or only incidental, but still necessary to the decision of that point. Wright v. Griffey, 147 Ill. 496; Att'y Gen'l v. C. & E. R. R. Co., 112 Ill. 520; Leopold v. Chicago, 150 Ill. 568.

Where the record shows that the question was litigated in the former case, its mere production is enough, and it can not be controverted. So, too, if it shows that the former verdict could not have been rendered, without deciding the particular matter. And if the declaration in the first case shows that a particular matter was the ground of action and the defendant took issue on it, parol evidence is not admissible to show that a different subject was litigated on the trial. 2 Black on Judgments, Sec. 625.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

Appellant, as plaintiff below, brought suit against appellee in trespass *quare clausum fregit*. Among other pleas appellees filed, by leave of court and upon the day of the trial, the following plea:

After reciting entry and taking of goods and sale under provisions of a chattel mortgage, as being the supposed trespasses complained of, the plea proceeds: "And defendants further say, that after said sale they

Reynolds v. Mandel.

brought suit against plaintiff in Circuit Court to recover from him the expenses of the custodian fees, and for the care of said property, from taking possession to date of sale, and for other expenses of making said sale, and for amount paid by them for insuring said property while they had possession of it, and to recover the balance due upon their said debt, in which said plaintiff was served with process, and appeared and pleaded the general issue to the whole of said declaration, and filed an affidavit that he had defense to whole of the demand, and also filed plea of set-off for goods, wares and merchandise claimed by him to have been returned to them; that issue was joined upon said pleas, and thereupon defendants recovered judgment against plaintiff for the causes of action aforesaid, on December 23, 1893, for $14,234. That the defense which plaintiff set up to the claim of these defendants in said last mentioned case, was the alleged unlawful taking of said goods and chattels under the chattel mortgage; and defendants say that said judgment is in full force and unsatisfied, and not reversed or set aside, and defendants are ready to verify,'' etc.

Appellant demurred to this plea by general and special demurrer. Demurrer was overruled and judgment for appellees followed. Error is assigned in that the trial court should not have allowed the filing of the plea in question during the pendency of the trial, and without imposing conditions as to costs; and in that the demurrer should have been sustained on the ground of duplicity and on the ground of the insufficiency of the plea as a plea of former adjudication.

The order allowing the filing of the plea without imposing conditions was a matter within the sound discretion of the trial court, and we can not say that such discretion was abused. It was not claimed that appellant was taken by surprise, nor was there application

by him for a continuance, or for further time in which to meet the defense under this plea. Great Western Tel. Co. v. Lowenthal, 154 Ill. 261.

If it be conceded that the plea was obnoxious upon upon special demurrer for duplicity, yet that ground of objection, and the error in that behalf assigned, must be regarded as waived by appellant by his brief here.

We think the plea is sufficient as a plea of former adjudication. It alleges that the entry and taking under the provisions of a chattel mortgage, are the supposed trespass complained of, and in effect, that such entry and taking were in issue, and were adjudged to have been lawful in the former suit.

"Where some controlling fact or question material to the determination of both of the causes has been adjudicated in the former suit by a court of competent jurisdiction, and the same fact or question is again at issue between the same parties, its adjudication in the first will, if properly presented, be conclusive of the same question in the later suit, irrespective of whether the cause of action is the same in both suits or not." Wright v. Griffey, 147 Ill. 496. See, also, L. N. A. & C. R'y Co. v. Carson, 169 Ill. 247; Allen v. Haley, Id. 532.

We are of opinion, therefore, that the trial court did not err in overruling the general demurrer.

The judgment is affirmed.