## Jennie B. Cummings, Appellant, v. Jesse Sobey et al., Appellees.

### Gen. No. 5484.

1. PLEADING—*when proper to permit verified denial of execution of instrument sued on.* In a suit begun before a justice of the peace where no written pleadings are required it is proper after the instrument sued upon is offered and the plaintiff has closed his case, to permit a verified denial of the execution of such instrument to be filed.

2. INSTRUCTIONS—*when refusal of correct will not reverse.* The refusal of a correct instruction will not reverse where its contents are substantially embodied in another instruction given.

Action commenced before justice of the peace. Appeal from the Circuit Court of Lake county; the HON. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911.

ERNEST S. GAIL, for appellant.

SCHUMACHER, WENBAN & WOOD, for appellees; BOWEN W. SCHUMACHER, of counsel.

MR. JUSTICE DIBELL delivered the opinion of the court.

Mrs. Jennie B. Cummings brought this action before a justice of the peace against Jesse Sobey and E. W. Mooney, partners as Sobey & Mooney, to recover rent alleged to be due to plaintiff from defendants under a

written lease, and had a judgment before the justice for $200, from which the defendants appealed to the circuit court, where upon a jury trial, there was a verdict for defendants. A motion by plaintiff for a new trial was denied, defendants had judgment and plaintiff appeals.

After appellant had introduced the supposed lease between the parties and other proof and had rested, defendants sought to prove that their signature to this lease was not genuine and that both copies of the lease actually signed had been lost and that, in the part material to this suit, the leases actually signed differed from that produced by appellant. Objection being made to the competency of this proof, the court allowed appellees to file an affidavit denying the execution of the lease. Appellant contends that the court erred in permitting such an affidavit to be filed after she had closed her case. The suit having been begun before a justice of the peace, the pleadings were oral and justice would require that permission to file such an affidavit should be granted after the lease had been exhibited in evidence. Indeed, it would not have been error to permit it even in a case where the pleadings were in writing (Great Western Tel. Co. v. Lowenthal, 154 Ill. 261), though in such case a plaintiff, taken by surprise, might be entitled to a continuance. Appellant here did not ask for a continuance when this affidavit was filed. We are of opinion there was no error in rulings upon evidence. While the court might well have given one instruction requested by plaintiff, which was refused, yet we conclude that the principle of that instruction was substantially embodied in instructions which the court gave at appellant's request. We are of opinion that there was evidence introduced by appellees which required the court to give the instructions given in their behalf, of which complaint is made.

A lease of some kind was executed between the parties which bore date June 20, 1907, and was at

a rental of $25 per month in advance, payable at the office of the lessor and which was for one year, with an option or privilege of some kind for two years in addition. The instrument introduced by appellant as the lease between the parties gave said option in the following language:

"It is further agreed that the lessee shall have an option of renewing this lease for two years after expiration of this term on same terms and conditions, provided it must be exercised by July 1st, 1908."

When July 1, 1908, arrived, nothing had then been said and nothing was afterwards said by appellees tending to show that they wished to exercise their option to have the premises for two years more; but they thereafter continued in possession and paid the rent monthly and appellant accepted said rent. In fact, she and her husband lived over the store which was the subject of the lease and she obtained a part of her rent in groceries from the store of appellee on these premises. About April, 1909, appellees negotiated with appellant and with her husband, who was her agent with full authority in this matter, for a new lease for three or two years, but the parties disagreed upon certain terms and the new lease, though prepared, was never executed. Thereupon appellees rented another store building in another part of the city of Highwood and moved in. They paid to appellant the rent to July 10, 1909, being the close of that rental year. The key finally reached appellant in a letter dated August 17, 1909, and she replied by a letter, refusing to accept this as a surrender and notifying appellees that their lease did not expire till July 10, 1910, and she should hold them liable for any loss she might sustain. Appellant introduced evidence tending to show that appellees did not remove all their property from the store till August, 1909. Appellees introduced proof tending to show that they started to move about the middle of April; that they had everything out by the first week in May, 1909;

and that during the first week of July, 1909, they had twice tendered to appellant the key and all the rent to July 10, 1909, and that appellant each time refused to receive the key or the money. Appellees introduced proof that during the last week in June and the first week in July, 1910, appellant caused a new partition to be put in a certain part of the store to fit it for another tenant. Appellant introduced proof tending to show that this work was done as late as September. Appellees introduced evidence tending to show that when appellees notified the husband and agent of appellant in April, 1909, that they had rented another place, he used language which apparently recognized their right to cease to occupy these premises, and the husband of appellant denied the use of such language.

The case therefore presents chiefly disputed questions of fact. Appellant contends that when appellees continued to occupy the premises after the end of the first year and to pay rent at the stipulated rate and she accepted said rent from them, that this constituted an election by appellees to continue the lease in force for two years more, and that she thereupon had a right to hold appellees for two years more, without there having been any actual exercise of the option or notice thereof to her by July 1, 1908, as she claims her lease provides. The court so instructed the jury in her behalf. But, even if this is correct, the parties could waive the provisions for two years' further occupancy by express agreement or by their conduct. Here it is a disputed question of fact whether the lease appellant introduced in evidence was the one executed by the parties or whether the lease which they executed contained a different provision. It is a disputed question whether appellant's agent used language in April, 1909, recognizing the right of appellees to quit the premises. It is a disputed question whether they were out with all their property long prior to July 1, 1909. It is a

disputed question whether the rent and key were tendered to appellant before the end of that rental year. It was a disputed question whether appellant, in the latter part of June and the first week of July, took possession and had a carpenter change the interior arrangement of the building by putting in a new partition. On some of these questions there is a clear preponderance of proof in favor of appellees. The proof introduced by appellees tended to show that the special clause in the lease actually signed gave appellees the privilege of renewing the lease for a period of two years, but provided that such privilege should be null and void unless exercised before July 1, 1909, and there is no claim that such privilege was exercised before that time. Dikeman v. Sunday Creek Coal Co., 184 Ill. 546. If the jury found from the evidence that appellant's agent in April, 1909, recognized the right of appellees to abandon the premises; and that appellees removed all their property from the premises not later than May, 1909, and that appellant took possession the latter part of June, 1909, and changed the interior of the building and erected a new partition to fit the place for another tenant; and that appellees tendered the key and the rent to July 10, 1909, during the first week of July, 1909; and that she then refused but in August accepted the rent and the key; and that her employe in June, 1909, had access to the premises through the rear door, then we are of the opinion that the jury might well find that appellees are not liable to pay rent and the rent to July 10, 1909, during the first week of warranted the verdict if the jury believed the testimony introduced by appellees. The trial court has approved the verdict and we find no grounds upon which we would be authorized to disturb it.

The judgment is therefore affirmed.

*Affirmed.*

## ERRATUM.

APPELLATE REPORTS, VOL. 164, PAGE 448.

For the 6th line from the bottom substitute the following:

for the premises after July 10, 1909. The evidence