CHARLES SKINNER v. D. G. MAXWELL.

While property is in the hands of a receiver, no right to it can be acquired by sale under execution; and it makes no difference that the receiver appointed decline to act, the property was, nevertheless, in the custody of the law.

This was a MOTION for an injunction and the appointment of a receiver, heard before *Logan, J.,* at Fall Term, 1872, of MECKLENBURG Superior Court, and the case was before this Court at January Term, 1872. At that Term this Court ordered its opinion to be certified to the Superior Court of Mecklenburg county, and at that Term of said Court the defendant filed a plea since the last continuance. Notwithstanding this plea, his Honor, Judge Logan, gave judgment according to the opinion of the Supreme Court and appointed a receiver. From this judgment the defend-

ant prayed an appeal, which was refused. At June Term, 1872, of this Court a *certiorari* was ordered and the cause accordingly came before this Court at January Term, 1873.

The other facts of the case are sufficiently stated in the opinion of the Court.

*Dowd, Barringer* and *Battle & Sons,* for appellant.
*Bynum* and *Jones & Johnston,* for plaintiff.

RODMAN, J. This case was before the Court at Janua y Term, 1872, and is reported in 66 N. C. Rep. 45. After the decree here directing the continuance of the injunction and the appointment of the receiver, the defendant filed in the Superior Court of Mecklenburg an answer since the last continuance, in which he set forth that on 8th January, 1872, he bought at execution sale all the interest of the plaintiff in the property in controversy in the action. He thereupon opposed the appointment of a receiver. The Judge nevertheless appointed one, and defendant appealed. His counsel complains in this Court, that the Judge would not consider the case made by his answer since the last continuance, upon its merits, but thought himself bound by the judgment of this Court to appoint a receiver under any circumstances. We will assume, without considering or deciding, that a Judge below is not bound to carry into effect a judgment of this Court, if in the meanwhile the relations of the parties have so changed as to make the judgment inapplicable or unjust. The defendant is certainly entitled to be heard here, upon the effect of the new matter set up in his answer, since the last continuance. And we put out of view for the present any questions which may be made upon the affidavits, as to the regularity of the sale, by reason of the property not being present, &c.

We cannot, however, concede to the defendant that his answer is to be considered without reference to the antece-

26

dent pleadings. A Judge is bound to know all that the record shows to have been done in the action before him. When, therefore, the defendant alleges that he has bought the property in controversy at execution sale the Court must necessarily look at the record to see what property or interest is in controversy, and whether the interest, property or right, whichever it be, is one which could, under the circumstances, be sold under execution; for if it could not, the purchaser acquired nothing, except, perhaps, a right to be subrogated to the right of the creditor to the extent of the purchase money. That, then, is the question we are to consider; whether the interest of the plaintiff passed to the defendant in the whole, or any part of the matter in controversy. If it passed in the whole, clearly the defendant is entitled not only to the rescission of the order appointing a receiver, but also to a vacation of the injunction and a dismissal of the bill. We turn to the complaint to ascertain the matter in controversy. It states that on 12th November, 1871, plaintiff, being under age, bought of defendant a stock of confectionery and other goods, a soda fountain, and the good will of the business which defendant had previously carried on; that at the same time he paid a sum in cash, and gave his note with surety, payable at twelve months, for the residue of the purchase money, and to secure the same executed to defendant a mortgage on the property purchased. Plaintiff took possession of the property, sold some of it in the usual course of a retail business, and from time to time replenished the stock by purchases by his own means or credits, and especially that in October, 1871, he purchased and added to the stock goods to the value of $2,200. Some of these have been sold, others remain in specie mixed with the original purchase. On 18th November, 1871, defendant entered into plaintiff's store, turned out his clerk, and has since then kept possession of all the goods found therein, and threatens to sell the same

under the mortgage. The plaintiff charges fraudulent representations as to the condition and value of the property as an inducement to the purchase. He prays that the sale may be rescinded, the rights of the parties ascertained and declared, &c. For the present purpose it is unnecessary to notice the defence set up by the answer. Upon the pleadings an injunction was granted below, a receiver appointed, and an account ordered, &c., and this Court on appeal affirmed the judgment below. That was the condition of the case when the alleged sale of the plaintiff's interest under execution was made.

Of course we do not propose to decide now anything as to the merits of the case as appearing on the original pleading. But looking at the complaint only to ascertain the matter in controversy, it is evident that the claim is for two things, as to which it may turn out upon a trial, that the plaintiff's rights are different.

1. There is his right to make the defendant refund the cash paid by the plaintiff, or at least as much of it as plaintiff has not received by a sale of the goods purchased. This of course supposes the contract of sale rescinded. If that be done, the plaintiff of course renounces or loses all property in the subject matter originally bought him, except perhaps a property in the nature of a lien for any balance that may be found due to him out of that transaction. Upon the plaintiff's case, and speaking only as to the goods, &c., which defendant sold to plaintiff, clearly he has no vested estate in any tangible property which can be the subject of seizure and sale under a *fieri facias*. And, if we suppose the plaintiff to fail in his case so as not to be entitled to a rescision, or avoiding of the sale, then he has nothing but an equity of redemption in the goods, which is not liable to sale under a *fieri facias*.

II. There are the goods which the plaintiff purchased after his transaction with the defendant, and added to the original

stock. To the liability of these to sale under a *fieri facias*, several objections may be made.

1. That as these goods have been confused with those mortgaged to the defendant, by the plaintiff, they have become liable to the mortgage; or that being confused, they are incapable, without a trespass by the officer, of that separation and identification which is necessary for a fair and valid sale. It is unnecessary to consider these questions, and we express no opinion on them.

2. That being in the hands of a receiver, they were in *custodia legis*, and hence not subject to execution sale. This last position we think is correct. The authorities on the general doctrine will be found referred to in Drake on Attachment, ss. 492 to 509. As to the case of a receiver in particular, the following authorities support the proposition: 2 Story Eq. Jur. s. 833; *Field* v. *Jones*, 11 Georgia, 413; *Martin* v. *Davis*, 21 Iowa, 535; *Glen* v. *Gill*, 2 Md.; *Russell* v. *East Anglian R. W. Co.*, Naughten & Gordon, 104, cases cited in note. The reason of it is this: When a Court of Equity has undertaken to adjudicate upon and distribute a fund among the parties entitled to it, it would be inconvenient if a Court of Law (or any other Court) could by its process interrupt the adjudication and create new rights in the property itself. This rule is not understood as absolutely preventing the acquisition of new rights to the fund in controversy after the commencement of the proceedings. Any person claiming to have acquired such an interest *pendente lite*, while he cannot interfere under the process of another Court, may apply to the Court which has jurisdiction of the fund, *pro interesse suo*, and his claim will be heard. 2 Story Eqr. Jur. s. 891–833, a. The limits of this principle are somewhat uncertain, but it is sufficient for the present case to say, that while property is in the hands of a receiver no right to it can be acquired by sale under execution. And it makes no difference that

the receiver appointed declined to act; the property was nevertheless in the custody of the law.

No reason appears why a receiver should not be appointed according to the order heretofore made. The order for the account may be modified by directing the referee (or the receiver, as the parties may agree,) to separate the two classes of goods above mentioned, and to keep a separate account of the proceeds of each; and the defendant may present his claim under his purchase to the referee, to be passed on by him. If the receiver shall be chosen to separate the goods, he will be made a referee for this purpose, with power to take testimony, &c., and to report to the general referee.

Let this opinion be certified.

PER CURIAM.                    Judgment affirmed.