B. J. LANGSTON and Callie Langston, Administratrix, v. GREEN-VILLE LAND AND IMPROVEMENT COMPANY, et al.

*Corporation—Mortgage—Existing Debts—Stockholder Dealing with Corporation.*

1. A mortgage made by a corporation being invalid as against existing creditors who commence action within sixty days after the registration of the mortgage (section 685 of *The Code*), a purchaser of land at a foreclosure sale under such mortgage acquires no rights as against the creditor.

2. A stockholder of a corporation may deal with it in the same manner as any other person, provided there is no fraud in such dealings.

3. A creditor of a corporation who brings his action within sixty days after the registration of a mortgage of its property, is entitled only to an ordinary judgment for a debt and execution and not to a judgment declaring a lien on the property.

CIVIL ACTION, for debt, tried before *Boykin, J.*, and a jury, at Spring Term of PITT Superior Court. The facts are stated in the opinion of the court. Judgment was rendered for the plaintiff, declaring the land of the defendant corporation, mortgaged within sixty days before beginning of the action, to be subject to the payment of the judgment. Defendants appealed.

*Messrs. Blount & Fleming*, for plaintiff.
*Messrs. Jarvis & Blow* and *Jas. E. Moore*, for defendants (appellants).

FURCHES, J. : The defendant is a corporation, and for the purposes of said corporation it borrowed money of several persons and executed mortgages on its propery for the purpose of securing the loans. All of the mortgages were upon the personal property, exept one, made to E. A. Moye, which included the real estate belonging to defendant corporation. This mortgage was executed on the 29th of August, 1892, and registered on the 22nd of Septem-

ber, 1892, and the defendant Taliaferro is the purchaser under the mortgages. At the date of the execution of this mortgage, the jury find that the defendant corporation was indebted to the plaintiff in the sum of $649.31, and that the plaintiff commenced this action on the 29th of September, 1892.

The plaintiff was a stockholder in the defendant corporation and its superintendent, and it was claimed by defendant Taliaferro that he was thereby estopped from enforcing his debt against this property. It was also claimed by Taliaferro that he had the right to be subrogated to the rights of the mortagees—whatever they were.

It was admitted on the argument in this court that the plaintiff claimed nothing against the personal property, sold by the mortagees under their mortgages hereinbefore mentioned. And the only question is as to whether the real estate, conveyed to Moye, is still liable to the plaintiff's debt, and we are of opinion that it is.

There is no question of subrogation involved in the case. There was no necessity for him to pay any debt of the defendant to protect any rights or liens he had on the property. And, in fact, he has paid no debt of the defendant corporation. He has bought the property of the defendant corporation, and the money he paid for it has been applied to the payment of the mortgage debts So we see the money he paid was for the property he bought. It is true, that it was subject to the plaintiff's debt (unless plaintiff is estopped) and it appears from the case that he had notice of plaintiff's claim before he bought.

Nor do we see any ground upon which the plaintiff is estopped. There is no allegation that he did anything to induce the defendant to buy. Indeed, it seems that the plaintiff was there asserting his claim. It is true, that the defendant was a stockholder in the defendant company.

But this defendant was a corporation, and the plaintiff had the same right to deal with it that any one else had. And certainly so, where there is no allegation of fraud in the dealings. This being so, the "real estate" of defendant corporation remained liable to plaintiff's debt, notwithstanding the mortgage of defendant corporation to Moye, Section 685 of the Code, which section has been construed in *Coal Co. v. Electric Light Co.*, 118 N. C., 232.

But there is error in the judgment which declares a lien on the property of the corporation. Section 685 of the Code does not authorize the declaration of a lien, but only puts the mortgage out of the way of plaintiff's collecting his debt, and leaves the property in the same condition, so far as this debt is concerned, as if no mortgage had been made. *Coal Co. v. Electric Light Co., supra.* The judgment should have been the ordinary judgment in an action of debt, which may be enforced as other judgments are, and as if the mortgage to Moye had not been made. Thus reformed the judgment is affirmed.

Affirmed.