P. H. PELLETIER v. GREENVILLE LUMBER COMPANY; FAR-
MERS and MERCHANTS BANK OF NEWBERN; CHARLES
S. RILEY & CO.; HENRY WALKER, W. A. LEARY,
CHARLES S. HAMILTON, P. B. TALLAFERRO,
TYSON & RAWLS, and J. T. LITTLE.

(Decided December 23, 1898.)

*Insolvent Corporation— Receiver— Judgments—Credi-
tor—Paramount lien—Execution.*

1. Property of an insolvent corporation in the hands of a Receiver is in *custodia legis* and cannot be sold under execution without leave of the Court, which will always be granted in proper cases.

2. The exclusive possession of the Receiver does not interfere with or disturb any pre-existing liens or priorities, but holds the property intact until relative rights of all parties can be determined, and prevents the sacrifice of assets by a multiplicity of suits and executions.

PELLETIER v. LUMBER CO.

3. Where a judgment is a lien upon the property, prior to the title of the
corporation, it is of course paramount to all claims of its creditors,
who must discharge the lien before they can subject the property.
The remedy of such judgment creditor, under present system, is by
petition and motion in the cause.

CLARK, J., concurring in the result : Where the lien of a judgment
creditor on land exists before the appointment of a receiver, the
creditor may sell under execution without incurring a contempt,
and the purchaser acquires a valid title. It is otherwise as to per-
sonal property, because that is in the actual possession of the re-
ceiver, and there is no lien acquired without a levy.

MOTION to continue a restraining order until the hear-
ing made before *Bryan*, *J.*, at Chambers in Newbern,
on September 25, 1897, in the above entitled cause.

The plaintiff was a stockholder in the Greenville Lum-
ber Co., which had become insolvent—the other defend-
ants are creditors.

The action was instituted in the Superior Court of
Craven County for the appointment of a Receiver and
for such restraining orders and other and further relief
as would conduce to the furtherance of the rights and
interests of the creditors and stockholders. Lovit Hines
was appointed receiver—and at his instance, and upon
his affidavit, that since his appointment an execution
has been caused to be issued from the Superior Court of
Pitt County by one Callie Langston (now Callie Joyner)
upon a judgment obtained in said court in an action
wherein she as administratrix of B. G. Langston is
plaintiff and the Greenville Land and Improvement Co.
is defendant, and has caused the Sheriff of Pitt County
to levy said execution upon property in possession of
affiant, as receiver aforesaid ; that said property so
levied upon is advertised for sale at the Court House
door in Greenville on 20th September, 1897, by the said
Sheriff—an order, at Chambers, was made in Windsor

by his Honor, directed to said Callie for her to show cause at Newbern on 25th September, 1897, why an injunction should not be issued restraining said sale with order of restraint meanwhile.

The said Callie answered the rule and says : That as administratrix of B. J. Langston, at March Term, 1896, of Pitt Superior Court she recovered judgment against the Greenville Land and Improvement Co. for $649.30, duly docketed in March, 1896, and which is still unpaid, and that said judgment was rendered for services rendered by her intestate prior to the execution of certain mortgages executed by said Greenville Land and Improvement Company, under which mortgages the said Greenville Lumber Co., now claim to own certain real estate in Pitt County, which land was owned by the said mortgagor at the time said services were rendered, and that B. J. Langston, her intestate, had commenced his said action before sixty days had elapsed after the registration of said mortgages ; and that the Greenville Lumber Co. has no source of title to said land, except under said mortgages. That in said action it was expressly decided by the Supreme Court at February Term, 1897, (120 N. C., 132) that said judgment took precedence over said mortgages as to right of satisfaction by sale of said land.

His Honor, *Judge Bryan*, at the hearing on 25th September, 1897, adjudged: That the said injunction to the hearing is hereby refused ; that the restraining order heretofore granted is vacated, set aside and annulled, and that said Callie Joyner recover her costs.

The plaintiff and the receiver excepted and appealed.

*Messrs. Clark & Guion*, for appellants.
*Messrs. Jones & Boykin*, for defendant, Joyner.

DOUGLAS, J.: This case comes before us on an appeal from the refusal of the court below to continue an injunction against the sale of real estate of the defendant corporation under a judgment in favor of Mrs. Callie Langston, now Callie Joyner. There is no question that this land is subject to execution under this judgment as held in *Langston* v. *Imp. Co.*, 120 N. C., 132. That judgment is superior not only to the claims of all the other judgment creditors in this case, but even to the original title of the insolvent corporation itself. The only question is whether the land can be levied upon and sold under that judgment while in the hands of a receiver.

In other words, can land belonging to an insolvent corporation be sold after the appointment and possession of a receiver upon a valid judgment obtained before such appointment. We think that as a matter of right the land cannot be sold without leave of the court. Property in the actual or constructive possession of the receiver is *in custodia legis*, as the possession of the receiver is that of the court, he being merely the hand of the court. This exclusive possession of the receiver does not interfere with or disturb any pre-existing liens, preferences or priorities, but simply prevents their execution by holding the property intact until the relative rights of all parties can be determined. Another essential object sought to be obtained by the appointment of a receiver for an insolvent corporation is to prevent the sacrifice of its assets by a multiplicity of suits and petty executions. Both these objects would be destroyed by permitting any one, no matter what may be his title or claim, to interfere with property *in custodia legis* without leave of the court by which such custody is held. 1 Freeman on Ex. Sec., 129 ; Beach on Receivers, Sec.

207, 213, 738 ; High on Receivers, Sec. 163 ; 20 Am. & Eng. Enc., 138.

Under the old equity practice when a person holding a prior or paramount claim or title, was prejudiced by having a receiver put in his way, the course was either to give him leave to bring an ejectment, or to permit him to be examined *pro interesse suo.* The same result can now be accomplished by a petition and motion in the cause. In the case of *Wiswall* v. *Sampson,* 14 How. (55 U. S.), 52, 66, where this question is fully and ably treated, the court says: "A party, therefore, holding a judgment which is a prior lien upon the property, the same as a mortgagee, if desirous of enforcing it against the estate after it has been taken into the care and custody of the court, to abide the final determination of the litigation, and pending that litigation, must first obtain leave of the court for this purpose."

We cannot assent to the doctrine laid down by Chancellor Walworth in *Albany City Bank* v. *Schermerhorn,* 9 Paige, 372, 378, that real estate in the custody of a receiver can be levied upon and sold under execution, provided only that the actual possession of the receiver is not interfered with. Its practical effect would be either to permit outside parties to stop all further proceedings of a court of equity by disposing of the subject matter in controversy, or else to put that court in the position of holding simply the naked possession of property, and gravely proceeding to determine who would have been entitled to the property if it had not been sold. This doctrine is distinctly denied in *Wiswall* v. *Sampson, supra,* where it is said that the court must administer the property "independently of any rights acquired by third persons pending the litigation. Otherwise the whole fund may have passed out of its

hands before the final decree, and the litigation become fruitless."

The case of *Skinner* v. *Maxwell*, 68 N. C., 400, although dealing with personal property, lays down the same general rule.

As it is well settled that the property cannot be sold under execution without leave of the court, it is equally clear that in proper cases such leave can be given. A court of equity is not required to retain possession of property when it would be inequitable to do so.

It simply remains to be seen whether the judgment creditor has leave of the court, express or implied, to proceed with his execution. Upon the hearing of the matter the court decreed, "That the said injunction to the hearing is hereby refused; that the restraining order heretofore granted is vacated   .   .   .   and the said Callie Joyner recover her costs incurred herein." We think that this unqualified refusal of the court to continue the injunction is implied leave to proceed. As his Honor does not base his action upon want of power, we must assume that he acted in his equitable discretion, and we think that this discretion was properly exercised under all the circumstances of the case. The judgment of Mrs. Joyner is paramount to the original title of the defendant corporation, and is of course paramount to all claims of its creditors. They are asking to have the land divided up into building lots, and sold by the lot, *at the cost of the fund* and consequently at the risk of Mrs. Joyner. If they wish the land so sold, they have the privilege of paying off Mrs. Joyner, and then speculating in the land at their own risk and in their own way. The judgment is affirmed.

Affirmed.

CLARK, J., concurring in result : If it was the judgment debtor who had been placed in the hands of a receiver, the latter might have applied for an order of the court restraining, in the interest of the fund he represents, the judgment creditor from enforcing his lien by sale, but even in such case the order is not a matter of right but rests in the discretion of the court.   There are many authorities that the sale of real estate in such case under the lien of a prior judgment is lawful and is not a contempt of court (High on Receivers, Sec. 171; *Bank v. Schermerhorn*, 9 Paige, 372) and the purchaser acquires a valid title when the lien of the judgment is prior to the date of the appointment of the receiver. Beach on Receivers, Sec. 200 ; *Chatauqua Bank v. Risley*, 19 N. Y., 369) because the receiver takes subject to all valid liens. . *Chicago &c. v. Smith*, 158 Ill., 417. The rule is different as to personal property, because that is in the actual possession of the receiver and there is no lien acquired without a levy.   *Skinner v. Maxwell*, 68 N C., 400.

But this case is far stronger in support of his Honor's action in refusing the restraining order.   Here, the judgment debtor had executed a mortgage which this Court held at a late term (*Langston v. Land Co.*, 120 N. C., 132) was subject to the prior lien of the judgment creditor.   At the sale under that mortgage the Greenville Lumber Co. bought, subject of course to Langston's judgment lien.   The plaintiff herein instituted this proceeding to place such purchaser, the defendant herein, the said Greenville Lumber Co. in the hands of a receiver as insolvent, and in that proceeding to wind up the affairs and to distribute the assets of that company, in which Langston, the judgment creditor of the mortgagor has no interest or right to participate, and to which

proceeding he is not a party but in every sense a stranger, being neither a stockholder in, nor creditor of such company; the notice is issued to him to show cause why he should not be restrained from proceeding to enforce the lien against the land. The purchaser at the mortgage sale has no equity to stay him from collecting his judgment, having bought with notice thereof, and the receiver of such purchaser is in no better or stronger case. A case very much in point is *Carlin* v. *Hudson*, 12 Texas, 202, in which it was held that a restraining order would not be granted to the purchaser from a judgment debtor to restrain a sale under the prior judgment lien.

It would be a great hardship upon judgment creditors if they could be restrained from enforcing collection of a judgment and lien given them by the court, indefinitely, till the receivers of insolvent purchasers, who buy subsequent to and with notice of the judgment, shall at their leisure wind up and distribute the assets of such insolvents, in which assets a judgment creditor of the vendor has no interest. His lien is prior to that of the purchaser from the judgment debtor and he should not be hindered and delayed by such purchaser going into liquidation. *Bostic* v. *Young*, 116 N. C., 766.