No. 2604

## EX REL. IRVING NATIONAL BANK *v.* DISTRICT COURT

August 27, 1923.                    217 Pac. 962.

1. PROHIBITION—WRIT WILL NOT ISSUE, WHERE ADEQUATE REMEDY AT LAW IS AVAILABLE.
   The writ of prohibition will not issue, if there is a plain, speedy, and adequate remedy at law.

2. PROHIBITION—PARTIES DESIRING TO OBTAIN POSSESSION OF PROPERTY IN HANDS OF RECEIVER SHOULD APPLY TO COURT APPOINTING RECEIVER.
   The rule that prohibition will not issue where adequate remedy at law exists applies particularly on application to prohibit receiver taking possession of goods of an insolvent on which petitioner had levied execution, as parties desiring to obtain possession of property which has come into the hands of a receiver should apply to the court from which the receiver derived his appointment.

3. PROHIBITION—WRIT NOT ISSUED TO RESTRAIN JUDGE FROM PROCEEDING FURTHER IN RECEIVERSHIP PROCEEDINGS, WHERE PETITIONER MAY INTERVENE IN SUCH PROCEEDINGS.
   Conceding that the court appointing a receiver was without jurisdiction to restrain a sheriff from enforcing by sale an execution levy based on petitioner's judgment, writ of prohibition should not issue where petitioner has an adequate remedy in that court by intervention, with the right of appeal secured, for the court having, by the order appointing the receiver, taken the property of petitioner corporation out of the hands of its officers, it was competent and should ultimately dispose of all questions, legal and equitable, growing out of the proceedings.

4. RECEIVERS — INTERVENTION IN RECEIVERSHIP PROCEEDINGS IS PROPER REMEDY TO ENFORCE TAX LIENS.
   Intervention in receivership proceedings is the proper remedy to enforce tax liens, which are paramount to all other liens except judicial costs.

5. RECEIVERS—RECEIVER'S POSSESSION SUBJECT TO EXISTING LIENS ON PROPERTY AT TIME OF HIS APPOINTMENT.

A receiver's possession of property is subject to all valid and existing liens on it at the time of his appointment, and does not divest a lien previously acquired in good faith.

6. RECEIVERS—IN RECEIVERSHIP PROCEEDINGS, COURT MAY PERMIT EXECUTION SALE BY SHERIFF.

If petitioner's judgment lien and execution levy, acquired prior to the appointment of a receiver, fixed the status of the property levied on as subject exclusively to the satisfaction of petitioner's claim, the court appointing the receiver may in a proper case permit the sheriff to proceed with the execution sale.

PROHIBITION by the State, on the relation of the Irving National Bank, against the Second Judicial District Court in and for the County of Washoe and Geo. A. Bartlett, Judge thereof. **Alternative writ previously issued dismissed.**

*Painter, Stoddard & Withers,* for Petitioner:

A judgment is lien upon real property from time of filing. Rev. Laws, 5277. No further proceeding to foreclose such lien is required. Lisenbee v. Lisenbee, 183 Pac. 862. Levy is unnecessary when judgment is lien. 6 Am. St. Rep. 597. Lienholder's rights are not affected by subsequent appointment of receiver. 34 Cyc. 229; People v. Finch, 76 Pac. 1120.

Receiver has no right to possession of attached property. Ward v. Healy, 45 Pac. 1065; 34 Cyc. 229.

Attached property must be retained intact for purpose of enforcing lien. 34 Cyc. 229; State v. Supreme Court, 34 Pac. 430; 35 Pac. 1087.

Receiver can acquire no better interest than debtor had, and takes subject to existing equities and liens. 34 Cyc. 191; Smith Receivers, 267; Bank v. Cook, 76 Pac. 674.

Generally courts will not interfere summarily against stranger claiming by paramount title. 34 Cyc. 213.

Only parties to suits may be summarily proceeded against and compelled to deliver to receiver. 17 Ency. Pl. & Pr. 771; 34 Cyc. 213; 23 R. C. L. 60. As to others, independent action is necessary.

Court exceeded its jurisdiction in directing receiver to take property out of possession of sheriff, and thereafter directing issuance of receiver's certificates to constitute first lien thereon. It was not sheriff's duty to defend his lawful possession by force. Havemeyer v. Superior Court, 24 Pac. 121; 10 L. R. A. 627.

Receiver's certificates having priority over other liens should be authorized only after notice to lienholders and full hearing on merits. Bibber Co. v. R. R. Co., 115 Fed. 786; American Trust Co. v. McGettigan, 71 Am. St. Rep. 345.

Without consent of lienholders no priority can be given to receiver's certificates of private corporation. Merriam v. Victory M. Co., 60 Pac. 997; Int. Tr. Co. v. United Coal Co., 60 Pac. 621.

If court directs sheriff to put receiver in possession of property held by stranger, without opportunity given to show cause against the order, prohibition will issue to restrain further action, and to restore property. 23 R. C. L. 61; St. Louis R. Co. v. Wear, 36 S. W. 357; 33 L. R. A. 341. Unless stranger intervenes and submits his rights to adjudication. State v. McClure, 35 Ann. Cas. 1915B, 1110; 23 R. C. L. 61.

Relief by prohibition may be had to prevent what remains to be done and to undo what has been done. Court may compel prohibited party to relinquish, and successful applicant to have, all fruits of its decision, and frequently imposes affirmative directions essential to relief. 32 Cyc. 630; Havemeyer, supra; People v. District Court, 48 Pac. 500.

Prohibition will not be awarded where other methods will give reasonable and prompt relief. Walser v. Moran, 42 Nev. 146. Primary question is whether there is no plain, speedy, and adequate remedy at law. Silver Peak v. District Court, 33 Nev. 323.

Though Walcott v. Wells, 21 Nev. 50, holds that it must appear that petitioner has applied to inferior court for relief before writ should issue, the question was not squarely before the court and the language is dictum, nor was it before court in Bell v. District Court, 28 Nev.

280, which followed the Walcott case. To so hold would defeat purpose of writ. Rev. Laws, 5708.

*Cooke, French & Stoddard,* for Respondents:

Prohibition should issue only in cases where there is no plain, speedy, and adequate remedy at law; to restrain a court from exceeding its jurisdiction. State v. District Court, 38 Nev. 323; 22 R. C. L. 5; Rev. Laws, 5709, 5008. The proper remedy for judgment creditor is to apply to court appointing receiver to have property released from receiver's custody. High on Receivers (4th ed.) 167; Meeker v. Sprague, 31 Pac. 628.

Attaching creditor acquires no preference when corporation is insolvent. Assets constitute trust fund for all creditors, and relator's alleged lien would be illegal preference. Creditors must share equitably. Thompson v. Reno Savings Bank, 19 Nev. 103, 293; 8 Fletcher on Corporations, 5027, 5029, 8648.

Relator should file its claim with receiver, whose appointment merely transfers relator's priority from property to proceeds thereof, not destroying any right, but enforcing it by different method. American Bank v. McGettigan, 71 Am. St. Rep. 345; 23 R. C. L. 69; 8 Fletcher, secs. 5362, 5353.

Receiver's certificates issued to preserve property may be made prior lien. Title Co. v. California Co., 152 Pac. 564; High on Receivers (4th ed.) sec. 312b. Expense for insurance, watchman, assessment work, etc., are within rule. Stacy case, supra.

Issuance of certificates is legal if creditors have notice of application therefor and opportunity to be heard. American Brake Co. v. Pere Marquette R. Co., 205 Fed. 14. Subsequent opportunity to be heard is equivalent to notice. Certificates may be issued without notice, for purpose of preserving property. Union Trust Co. v. Illinois Co., 117 U. S. 434.

Creditors may make themselves parties in receiverships by motion, and, if relief is denied, may appeal. Luckenbach v. Laer, 212 Pac. 918.

When court of chancery has once assumed jurisdiction it will consider and determine entire matter, and bring before it all parties interested. Rutherford v. Union Land Co., 47 Nev. 21; Rev. Laws, 5008.

By the Court, Ducker, C. J.:

The petition to this court of Irving National Bank, a corporation, presents the following facts:

The petitioner, Irving National Bank, obtained a judgment against the Como Consolidated Mines Company in the Second judicial district court in and for the county of Washoe, amounting, exclusive of interest on the promissory note sued on, costs, and attorney's fees, to the sum of $11,505.93, which was on the 8th day of August, 1922, duly docketed in the office of the county clerk of said county, and a transcript of said judgment docketed, filed in the office of the county recorder of Lyon County. Thereafter, on the 17th day of January, 1923, a writ of execution issuing out of said court was placed in the hands of the sheriff of said Lyon County, who, two days later, in obedience thereto, seized and levied upon a group of patented and unpatented mining claims situated in said Lyon County and owned by said Como Consolidated Mines Company, and also upon a number of buildings, mining machinery, equipment, bunk-houses, and other personal property located upon said mining property, and owned and previously used by the said mining company in operating the mining claims. The sheriff placed a keeper in charge of said property and was proceeding to sell it under execution to satisfy said judgment. Thereafter, on or about the 21st day of February, 1923, the said mining company, upon petition of Gurney Gordon, on behalf of himself and all other stockholders similarly situated, admitted its insolvency and consented to the appointment of a receiver by the said district court. The Irving National Bank, the judgment creditor, was not made a party to, nor did it have any notice of, such proceeding. On or about the 25th day of February, 1923, pursuant to the order of court appointing him, the receiver served the

order of court, or caused the same to be served, upon the said sheriff, and took said property from his possession, which possession the receiver has ever since held.   Thereafter, on the 7th day of March, 1923, in the receivership proceedings, upon application of the receiver, the court entered an order, which ten days later was amended, authorizing said receiver to issue receiver's certificates for the sum of $15,000, with interest thereon at the rate of 8 per cent per annum, and when so issued and delivered to constitute a first lien upon the property and assets of said judgment debtor, said certificates to be countersigned by Hon. Geo. A. Bartlett, presiding judge of department 2 of said court, after application and showing therefor being made on behalf of the receiver.   The said receiver's certificates were authorized for the purpose of defraying the expenses of administration and to preserve the property.

It is alleged in the petition for the writ that the Irving National Bank is not a party to the receivership proceedings, and that no lawful process, writ, order, or notice of any kind whatsoever regarding any of the proceedings so taken and had by said district court, or any judge, or said receiver therein, has ever been issued or served upon it, nor has it voluntarily or otherwise become a party to or intervened or participated in said receivership proceedings, but is a stranger thereto.

On May 4, 1923, and before the receiver had filed his first report, which was then due, and before the district court could consider or act upon the same, the Irving National Bank herein sought and obtained from this court the alternative writ of prohibition and the temporary restraining order and order to show cause herein now pending.   It is insisted by the petitioner that the district court was without jurisdiction to make the order interfering with the sheriff's possession and sale of the property under execution, or the orders making the receiver's certificates a first lien upon the property of the judgment debtor, and that prohibition is a proper remedy to obtain redress.

1. If, as contended by the respondents, the petitioner has a plain, speedy, and adequate remedy in the ordinary course of law, by appearing in said receivership suit and applying to the respondent court for whatever relief it deems itself entitled to respecting the alleged prior lien, or for exempting the property on which it claims an execution lien from the operation of the said order appointing the receiver, or the said orders authorizing the issuance of receiver's certificates, the writ must be dismissed, and petitioner left to pursue such remedy. It is a well-settled rule, incorporated within the provisions of our statute concerning the remedy of prohibition, and affirmed by decisions of this court, that the writ will not issue if there is a plain, speedy, and adequate remedy at law. As stated by this court in Walcott v. Wells, 21 Nev. 47, 24 Pac. 367, 9 L. R. A. 59, 37 Am. St. Rep. 478, and quoted with approval in subsequent decisions:

"Like all other prerogative writs, it is to be used with caution and forbearance, for the furtherance of justice, and securing order and regularity in judicial proceedings in cases where none of the ordinary remedies provided by law are applicable. The writ should not be granted except in cases of a usurpation or abuse of power, and not then, unless the other remedies provided by law are inadequate to afford full relief."

See Bell v. District Court, 28 Nev. 280, 81 Pac. 875, 1 L. R. A. (N. S.) 843, 113 Am. St. Rep. 854, 6 Ann. Cas. 982; Turner v. Langan, 29 Nev. 281, 88 Pac. 1088.

It was also stated in Walcott v. Wells and quoted with like approval in the cases cited, that—

"Before it [the writ of prohibition] should issue, it must appear that the petitioner has applied to the inferior tribunal for relief."

2-4. The petitioner has made no such application in this case, nor is there anything in the record before us to show that such application would be futile. The principle is particularly applicable in receivership proceedings, for the appropriate course in all cases where parties are desirous of obtaining possession of property

which has come into the hands of a receiver, is to apply to the court from which he derives his appointment. However, we are of the opinion that the writ should not issue, even if it be conceded that the receivership court was without jurisdiction to restrain the sheriff from enforcing by sale the execution levy, because petitioner has an adequate remedy in that court, by intervention, with the right of appeal secured. Having by its order appointing a receiver taken the property of the corporation out of the hands of the corporate officers, it is competent to and should ultimately dispose of all questions, legal and equitable, growing out of the proceedings. Intervention in receivership proceedings is the proper remedy in the case of liens for taxes, which are held to be paramount to all other liens except judicial costs. In Re Tyler, 149 U. S. 164, 13 Sup. Ct. 785, 37 L. Ed. 689. There can be no reason why a judgment lien should rest on any other footing as to the remedy for its enforcement in receivership proceedings.

5. It is a well-established rule that the receiver's possession is subject to all valid and existing liens upon the property at the time of his appointment, and does not divest a lien previously acquired in good faith. High on Receivers (4th ed.), sec. 138; Bories v. Union Building Assn., 141 Cal. 74, 74 Pac. 552; Cramer v. Iler, 63 Kan. 579, 66 Pac. 617; Kittredge v. Osgood, 161 Mass. 384, 37 N. E. 369; Talladega Mercantile Co. v. Jenifer Iron Co., 102 Ala. 259; American Trust and Savings Bank v. McGettigan, 152 Ind. 582, 52 N. E. 793, 71 Am. St. Rep. 345; Pelletier v. Greenville Lumber Co., 123 N. C. 596, 31 S. E. 855, 68 Am. St. Rep. 837. In Von Roun v. Superior Court, 58 Cal. 358, Von Roun and others had commenced an action against the insolvent on the 4th day of January, 1881, and had sued out an attachment, which had been on that day levied on certain personal property of the insolvent, and the sheriff held this property so attached when the proceedings in insolvency were commenced, and when he was directed to turn over to the receiver the property in his hands. In the course of its opinion the court said:

"It seems to be the impression of the counsel of the applicants for the writ [writ of review] that they have a lien acquired by virtue of the levy of the writ of attachment on the property seized, which will be lost if the property is turned over to the receiver. This is an entire misapprehension of the law. The appointment of a receiver works no injury to the least right of any one. It would be strange if it did. The receiver is the hand of the law, and the law conserves and enforces rights—never destroys them. * * * If the applicants have any lien, the receiver holds the property subject to such lien, as fully as did the sheriff; and if such property is sold by the receiver, whatever lien exists attaches to the proceeds."

This language was quoted with approval in Bories v. Union Bldg. Assn., supra, and the text from High on Receivers, with like approval. It was said by the court in the case of Talladega Mercantile Co. v. Jenifer Iron Co., supra:

"It is not open to dispute in this case that the appellant, by its judgment, and the record of the same in the probate court, as required by statute to make it a lien, the issue of execution on the judgment and placing it in the hands of the sheriff, acquired a lien on the property of the defendant, the Jenifer Iron Company, within the county which was subject to levy and sale, the bill filed by the Anniston Manufacturing Company and the O. H. Parker Company against the Jenifer Iron Company, on behalf of themselves and other creditors of the respondent, in which suit a receiver was appointed, and who, under the orders of the court, took possession of all the property and assets of the respondent corporation, did not and could not have the effect to destroy or impair the judgment and execution lien of the appellant on the property of the defendant, the said Jenifer Iron Company."

"This exclusive possession of the receiver," says the court in Pelletier v. Greenville Lumber Co., 123 N. C. 596, "does not interfere with or disturb any preexisting liens, preferences or priorities, but simply prevents their

execution by holding the property intact until the relative rights of all parties can be determined."

6.   As the appointment of the receiver and the taking into his possession of the property levied upon cannot impair petitioner's lien, it is not apparent why the remedy by intervention is not adequate to afford it all the relief it could otherwise acquire by execution sale. If, as petitioner contends, its judgment lien and execution levy, acquired prior to the appointment of the receiver, fix the status of the property levied upon as subject exclusively to the satisfaction of its claim, we must assume that the court will so hold, notwithstanding its former orders as to receiver's certificates.   The court can, if a proper case is presented, permit the sheriff to proceed with the execution sale.   A court of equity is not required to retain possession of property when it would be inequitable to do so.   Pelletier v. Greenville Lumber Co., 123 N. C. 596, 31 S. E. 855, 68 Am. St. Rep. 837.

The writit is dismissed.