LINDLEY & CO. *v.* PIGGLY WIGGLY NEVADA CO. ET AL. (NEVADA MACHINERY & ELECTRIC CO., INTERVENER).

No. 3016

March 10, 1934.                    30 P.(2d) 223.

See, also, 54 Nev. 454, 22 P.(2d) 355.

*G. Gunzendorfer,* for Movent:

*Cooke & Stoddard* and *Ayres, Gardiner & Pike,* for Appellant:

# OPINION

*Per Curiam:*

On May 29, 1931, Charles Hansen, the respondent herein, was appointed and qualified as receiver of the business, property, and assets of Piggly Wiggly Nevada Company, a corporation, and upon court order the creditors of said corporation were ordered to file their claims against the corporation with the receiver within four months of the date of the first publication of notice to creditors, to wit, June 1, 1931.

On March 12, 1932, the appellant filed its petition in the cause praying judgment against the trustee for the recovery of the possession of all the personal property described in the petition or for the value thereof in case delivery could not be had as a preferred claim. Upon issues joined on the petition and answer of the trustee and after a full hearing, the trial court rendered its decision, findings, and judgment in favor of the trustee and against the petitioner, whereupon the petitioner and appellant perfected its appeal to this court from the trial court's judgment and order denying a new trial.

The appeals are now before us upon the respondent's motion to dismiss. Quoting from the notice of motion, the motion is based upon "the ground that the district court of the Second Judicial District of the State of Nevada in and for the County of Washoe was without jurisdiction to hear and determine the petition of said Nevada Machinery and Electric Company, and per consequence the Supreme Court of the State of Nevada is without jurisdiction to hear and determine the appeal of said Nevada Machinery and Electric Company, for the like reason."

We note that the respondent in its notice of motion did not specify the particular ground upon which it was claimed that the court was without jurisdiction to hear and determine the petition of the appellant, but reference to the argument of counsel for the movent shows that counsel for movent takes the position that in the matter of a receivership of a corporation the presentation, filing, and proof of claims is made a condition

precedent to the claimant's right to have its claim adjudicated, and, without such claim having been filed within the time specified by the court's order, the appellant has no standing in the cause as a creditor of the corporation, citing in support of this contention sections 1653 and 1654, N. C. L. Counsel seems to have fallen into the error of assuming that the appellant in its petition asserts a claim for a money demand or its equivalent. Such is not the fact. Appellant sought to proceed by way of intervention, which was held to be a proper remedy in such a situation in Irving National Bank v. District Court, 47 Nev. 86, 217 P. 962.

It appearing from the record that the trial court had jurisdiction of the subject matter, the motion to dismiss the appeals from the judgment and order is denied.