[No. 991.    Decided July 25, 1893.]

THE STATE OF WASHINGTON, *on the relation of J. M. Arthur Machinery Company*, v. THE SUPERIOR COURT OF SNOHOMISH COUNTY *et al.*

PROHIBITION — WHEN LIES — LEVY OF ATTACHMENT — RIGHT OF POSSESSION AS AGAINST RECEIVER.

An attaching creditor, whose application to intervene in a proceeding for the appointment of a receiver has been denied, has no remedy by appeal, and may resort to prohibition to prevent the court and its receiver from taking possession of goods held under an attachment levy.

When a creditor lawfully obtains an attachment against property by levy of the writ by the sheriff, he not only has the right to have his debt paid out of the proceeds of that property, but also has the right to have that property retained intact in the hands of

the sheriff until such time as he may obtain judgment and issue execution; and a creditor, not having an attachment lien himself, cannot interfere therewith by securing the appointment of a receiver.

Prohibition will not lie at the instance of an attaching creditor to prevent a receiver, whose appointment is absolutely void, from taking possession of property other than that held under the attachment levy, and which the creditor is seeking to have seized under his attachment.

### *Original Application for Prohibition.*

*Roger S. Greene*, for relator.

*Coleman & Hart*, for respondents.

The opinion of the court was delivered by

STILES, J.—The relator seeks the interference of this court by writ of prohibition against the superior court of Snohomish county and George Brackett, a receiver appointed by that court. The facts are these: The relator is a creditor of one Gordon, who has left the state, and upon certain of whose property the relator has caused an attachment to be levied by the sheriff of Snohomish county. Subsequently to the levy, upon the petition of certain other creditors of Gordon, the court appointed a receiver of all of his property, in the person of the respondent Brackett, whom it directed to take possession of Gordon's property, and hold it for distribution under the orders of the court. The receiver being about to attempt to take possession of the property levied upon by the sheriff under the relator's attachment, the relator applied to the court by what was denominated a petition in intervention for an order directing the receiver not to take possession of the attached property. This petition took the form of an objection to the court's appointing a receiver at all under the facts alleged in the pleadings of the other creditors. The court denied the application of the relator, and now the respondents object to the prohibition on the ground that

the relator has a remedy by appeal to this court from the order refusing the relief asked.  If it were true that the relator had any such remedy we might, perhaps, be inclined to refuse the writ asked, but it seems to us extremely clear that the relator can have no relief by appeal, for the reason that it had no lawful right whatever to present itself as an intervenor.  Any person may before the trial intervene in an action or proceeding who has an interest in the matter in litigation, in the success of either party, or an interest against both.  Code Proc., § 156.  The only trial which could be had in the action brought by the other creditors was one wherein the question of their right to have judgment against the common debtor, Gordon, would be determined.  They sought to obtain no lien on any specific property, and relator had no interest whatever in opposing them, nor did it, as a matter of fact, propose anything which would tend to defeat their recovery against Gordon.  All that it suggested was, that the court had no power under the law to appoint a receiver in an ordinary action for money between a creditor and his debtor.

But the respondents oppose this application upon other grounds, viz.: The answer of the judge of the court and the receiver went to the effect that it is not true, as alleged by the petitioner, that they intend to take the property in the hands of the sheriff from that officer and distribute it, with other property of Gordon, *pro rata* among all his creditors; but, they answer, that it is the intention to fully recognize the rights of the relator under its attachment, whatever they may be.  Treating this answer as an admission that the relator's lien is to be fully recognized, and that it will be entitled to a preference payment out of the proceeds of the property in the sheriff's hands, it is yet not sufficient.  When a creditor lawfully obtains an attachment against property by levy of the writ by the sheriff, the law gives him, not only the right to have his debt paid out of the proceeds of that property, but it also gives him

the absolute right to have that property retained intact in the hands of the sheriff until such time as he may obtain judgment and issue execution, subject to the power which the attachment statute itself gives to the court to appoint a receiver in certain cases (Code Proc., § 302); but no mere outsider, not having an attachment lien himself, can interfere for that purpose. And, although the superior court has general jurisdiction to appoint all receivers which the statute or the common law authorizes, it has no jurisdiction to direct a receiver appointed in the manner in which this particular receiver was appointed to take from the possession of the sheriff the property levied upon by him under the attachment of relator. Therefore, to the extent of prohibiting the respondents from interfering with the property in the hands of the sheriff, the writ will be issued.

The relator also asks that the writ be extended to cover all the proposed action of the receiver in taking possession of other property of the debtor Gordon, and to that of the court in disposing of that property, on the ground that the relator is seeking to have other of Gordon's property seized under its attachment, and that the possession of the receiver of such property will prevent such additional levy. This position it takes upon the theory that the entire proceeding by which the receiver was appointed was void. But the answer to this demand is, that if the appointment of the receiver was absolutely void, there is nothing to prevent the sheriff from levying, under the attachment, on the property of the debtor, even though it be in the hands of the receiver; and therefore that part of the petition is denied.

Let the writ issue to the extent herein indicated.

SCOTT and ANDERS, JJ., concur.

HOYT, J. (*concurring*). — In my opinion it is not necessary to decide as to the right of the relator to appeal, for

the reason that, even although an appeal would lie, the writ should issue, as the remedy by such appeal would be inadequate to protect the relator's rights.

DUNBAR, C. J., dissents.