[No. 1276. Decided May 26, 1894.]

EDWIN D. SANDERS, *Assignee of A. M. Orchard, Respondent,* v. MAIN & WINCHESTER *et al., Appellants.*

ASSIGNMENT FOR BENEFIT OF CREDITORS — RIGHT OF POSSESSION
TO MORTGAGED PERSONALTY.

Where a mortgagee of chattels has taken possession thereof for
alleged breach of the condition providing for payment, he is enti-
tled to retain possession as against a subsequent assignment by the
mortgagor for the benefit of creditors, until it is determined by
legal proceedings that the assignee has a superior right thereto.

*Appeal from Superior Court, Spokane County.*

*R. B. Blake,* and *F. T. Post,* for appellants.

The opinion of the court was delivered by

STILES, J. — One A. M. Orchard executed and delivered
to Main & Winchester a chattel mortgage covering certain
personal property. The mortgagees, claiming that the
condition of the mortgage providing for payment had
been broken, caused the sheriff to take possession of the
mortgaged property, and directed him to proceed with the
foreclosure by sale. While the sheriff was thus in posses-
sion the mortgagor made an assignment for the benefit of
creditors. The assignee, who is the respondent in this
case, commenced the suit against the appellants to deter-
mine the validity of their mortgage, he claiming that the
mortgage was conceived and executed in fraud. The
main case has not yet been tried, but the court below, by
an interlocutory order, required the sheriff to surrender
possession of the property to the assignee. This appeal
is from the last named order.

The appeal is not resisted, and we have it from the ap-
pellants' brief and the language of the order that the court
below determined that because an assignment had been

made the mortgaged property was *in custodia legis*, and therefore rightfully in the possession of the assignee, basing his rulings upon *Hamilton Brown Shoe Co. v. Adams*, 5 Wash. 333 (32 Pac. 92); *Sabin v. Adams*, 5 Wash. 768 (32 Pac. 793), and *Mansfield v. First National Bank*, 5 Wash. 665 (32 Pac. 789, 999).

In thus ruling we think the court was wrong. In the first two of the above named cases the property had been actually taken possession of by the assignee when the attachments were levied, and were actually *in custodia legis*. In *Mansfield v. First National Bank* it was not held that the property in the hands of the sheriff was in the custody of the court because an assignee had been appointed, but that the assignee, upon proof that the mortgage under which the sheriff retained possession was fraudulent and void, was entitled to take the possession, as will be done in this case if it shall turn out that the plaintiff's allegations of fraud in the transaction are true.

This case falls directly within the principle of *Marsh v. Wade*, 1 Wash. 538 (20 Pac. 578); *State, ex rel. Machinery Co., v. Superior Court*, 7 Wash. 77 (34 Pac. 430), and *State, ex rel. Hunt, v. Superior Court*, 8 Wash. 210 (35 Pac. 1087); the substance of which cases was, that a party who has acquired possession of personal property as a mortgage or pledge, or by means of a specific lien, is entitled to retain possession thereof as against a receiver or assignee, until it is determined by legal proceedings that the receiver or assignee has a superior right to it, unless, in extraordinary cases, it be shown that the preservation of the property pending the litigation requires that it be placed in the hands of an officer of the court.

The order appealed from is therefore vacated and set aside.

ANDERS, SCOTT and HOYT, JJ., concur.

DUNBAR, C. J., dissents.