Pease v. Smith.

---

### James Pease, Sheriff, v. George H. Smith, Receiver.

1. PRIORITY OF LIENS—*Sheriff and Receiver.*—The levy of an execution or attachment by a sheriff, and the taking into possession by him of property of the defendant before the appointment of a receiver, not only gives the plaintiff in such writ a prior right to the proceeds, but gives to the sheriff the prior right to the possession of such property as against the receiver.

**Bill for Relief and Injunction.**—Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1896. Reversed and remanded with directions. Opinion filed April 13, 1896.

EDWARD S. ELLIOTT, attorney for appellant; DEFREES, BRACE & RITTER, of counsel.

A. E. GAMMAGE and EDWIN W. SIMMS, attorneys for appellee; WILLARD GENTLEMAN, of counsel.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The facts of this case sufficiently appear by what is copied from the abstract thus :

" Order (from which appeal in this case is taken) entered March 14, 1896, recites that cause came on to be heard upon the motion of George H. Smith, receiver, for an order on James Pease, sheriff of Cook county, to surrender certain property of the Illinois Enameling Company to the receiver; that said sheriff has had notice of such motion, and is in court resisting the same. The court finds that before the

appointment of a receiver, a certain writ of execution at the suit of the Whiting Foundry Equipment Company against the Illinois Enameling·Company came into the hands of said sheriff and was levied upon the real and personal property of the said corporation before the appointment of a receiver in this case.    Also that sundry writs of attachment came into the hands of said sheriff before, the appointment of a receiver and were levied on the real and personal property of said company; that the sheriff had levied said writs, and was holding said property by virtue thereof, when the receiver was appointed and claimed to hold same by virtue thereof.

It is thereupon adjudged, ordered and decreed that said James Pease, sheriff, turn over and surrender possession of said property to the receiver in this case, and the receiver accept and hold the same, subject to the lien, if any, of the executions and several attachments so levied by the sheriff prior to his appointment; that the lien, if any, of said executions and attachments be protected and preserved; that the receiver sell the property and hold the proceeds subject to such lien, if any, and that all question as to the validity of such liens, and amounts due thereon, is reserved for the further order of the court.    That said sheriff is, until the further order of the court, enjoined and prohibited from selling the property under said writs of execution and attachment, and from proceeding further in the execution of said writs against said property."

The order is wrong.

The levies not only gave the plaintiff in the executions, and the plaintiffs in the attachments, if they maintained them, a prior right to the proceeds of the property, but they gave to the sheriff the prior right to the possession of the personal property levied upon.    Enough cases are cited in High on Receivers, Sec. 440, to establish that proposition.

The order is reversed and the cause remanded, with directions to dissolve the injunction against the appellant, and vacate the order directing him to surrender possession to the appellee.    Reversed and remanded with directions.