JAMES T. ELWELL v. JOHN GOODNOW and Others.[1]

February 2, 1898.

Nos. 10,683—(145).

**Possession of City Warrants — Replevin — Order on Sheriff to Show Cause — Appeal.**

In an action by one partner against his co-partners and the city of Minneapolis, and its comptroller and treasurer, for an accounting of profits accruing to the partnership from a certain contract with the city, a receiver was appointed pendente lite to collect all money due or to become due from the city on account of the contract, and by the order appointing him the city and its officers were required to pay the money to him, and enjoined from paying it to any one else. A third party, claiming to be the owner, and entitled to all money due or to become due on the contract by virtue of an assignment thereof before the commencement of the action, commenced an action of replevin against the comptroller to recover the possession of certain city warrants calling for the payment of money on the contract, and the sheriff, by virtue of process in the replevin action, took the warrants from the comptroller. Neither the sheriff nor such third party were parties to the original action. The trial court, in proceedings instituted against the sheriff alone, by an order to show cause, issued in the original action, made, upon the return and hearing of such order, its absolute order that the sheriff forthwith

1 Reported in 73 N. W. 1095.

deliver the warrants to the receiver. *Held,* that such final order is appealable, and that the court erred in making it.

In an action in the district court for Hennepin county, brought by James T. Elwell against his copartners and the city of Minneapolis, and its comptroller and treasurer, for an accounting for the profits accruing from a certain contract with the city, William P. Roberts was appointed receiver of all moneys coming to the firm from the city, and an absolute order was made by Russell, J., in proceedings instituted in the original action by order to show cause, requiring the sheriff of said county forthwith to turn over to the receiver certain city warrants taken and held by him under a writ of replevin. From this order the sheriff appealed. Reversed.

*Rome G. Brown* and *E. R. Lynch,* for appellant.

The order appealed from, being a final order in a special proceeding against the sheriff in which the question of a substantial right, namely, his right of possession, was decided against him, was appealable. Register v. State, 8 Minn. 185 (214); Mayall v. Burke, 10 Minn. 225 (285); In re Day, 34 Wis. 638; Andrews v. Paschen, 67 Wis. 413; Coykendall v. Way, 29 Minn. 162; In re Jones, 33 Minn. 405; In re Harrison, 46 Minn. 331.

*Francis G. Burke* and *Geo. D. Emery,* for respondent.

By its order appointing the receiver, the court had already determined for the time the right to the possession of the warrants. The order appealed from is merely an administrative order for the purpose of carrying out and protecting the court's possession under the main order, and therefore does not involve the merits, nor is it a final order affecting a substantial right made in a special proceeding. Brown v. Minnesota, 44 Minn. 322; Perkins v. Fourniquet, 6 How. 206; Fourniquet v. Perkins, 16 How. 82; Schmidt v. Gayner, 59 Minn. 303; Spitley v. Frost, 15 Fed. 299. A decree that money shall be paid into court, or that property shall be turned over to a receiver, is interlocutory only, intended to preserve the subject-matter during the dispute, and keep it under the control of the court until the rights of the parties concerned can be finally adjudicated. From such a decree no appeal lies. Forgay v. Conrad, 6

How. 201; Grant v. Phœnix, 106 U. S. 429; Kanne v. Minneapolis, 33 Minn. 421; Bennett v. Denny, 33 Minn. 530; White v. Ewing, 159 U. S. 36; Henning v. Raymond, 35 Minn. 303. Where a sheriff seizes goods in possession of a receiver after notice of the receiver's appointment, he is not protected by the process in his hands, unless it was issued by leave of the court. Beach, Rec. § 238; Sabin v. Fogarty, 70 Fed. 482. And this is true even though the receiver's possession is merely constructive. Richards v. People, 81 Ill. 551; People v. Weigley, 155 Ill. 491, 502.

START, C. J.

This appeal is closely connected with that in Elwell v. Goodnow, supra, page 383, and begins where that ends. Reference to the opinion in that case is made for a statement of most of the facts in this case.

Upon the trial of the relator for contempt of court in the appeal referred to, it was disclosed that the warrants in question had been taken from the possession of the comptroller by the appellant herein by virtue of process in a replevin action of the Minneapolis Western Railway Company against the City of Minneapolis and Wallace G. Nye as its comptroller. Thereupon the trial court made its order requiring the appellant to show cause why he should not deliver the warrants to William P. Roberts, the receiver. None of the parties to the replevin action were parties to such order to show cause, except the appellant. The appellant appeared in response to the order, and objected to the jurisdiction of the court in the premises, and to the sufficiency of the moving papers and order. His objections were overruled, and he then made his verified return and answer to the order to show cause to the effect that the warrants were taken and detained by him as sheriff in obedience to process in the replevin action; that, as yet, there had been no exception to the sureties on the replevin bond or rebonding of the warrants.

There was no reply made to this answer, and the facts therein stated stood admitted. There is no suggestion in the record that the sheriff had any notice of any of the previous orders made in the original action when he replevied the warrants. It is, however,

charged in the moving papers that the plaintiff in such action and its attorneys had such notice. The trial court made its absolute order directing the sheriff forthwith to deliver the warrants to the receiver, from which order the sheriff appealed.

1. The respondent, the receiver, urges that the order is not appealable. The sheriff was not a party to the original action in which the receiver was appointed, and the trial court had no more power to proceed against him summarily than it had against any other person not a party to the original action. The fact that he was the executive officer of the law, and held the warrants as such, in no way affected the question of the jurisdiction of the court over him.

Hence the order to show cause as to him was a new and special proceeding, and the absolute order made therein, depriving him of the possession of the warrants, was a final order, affecting a substantial right, for he was legally bound to hold the warrants for the length of time required by the statute, and then, if the sureties on the replevin bond were not excepted to, and the defendants did not rebond, to deliver them to the plaintiff. He was responsible to the plaintiff for the safekeeping and delivery of the warrants as required by law. But the plaintiff was not bound by the order made in the special proceedings on the sheriff, and the latter could not plead it in justification when called upon by the former for the property. The order in question, being a final order, affecting a substantial right, made in a special proceeding, is appealable. G. S. 1894, § 6140, subd. 6.

2. Upon the merits it is clear that in no event can the order be sustained unless the warrants were in the possession of the court at the time the sheriff replevied them. This proposition was conceded by counsel for the respondent on the argument, but his claim was that, by virtue of the several orders made in the original action in which the receiver was appointed, the warrants were, in legal effect, so in the possession of the court. We hold, irrespective of G. S. 1894, § 5174, permitting actions to be brought against receivers without leave of court, that the warrants were not in the actual or constructive possession of the court, and that it was the right and duty of the sheriff to replevy them in obedience to the process

in the replevin action. The reasons for this conclusion are stated in the former opinion in this case and need not be here repeated. Whether or not replevin could be maintained for the warrants was a question which could not be determined in proceedings against the sheriff to compel him to deliver them to the receiver. It necessarily follows from our conclusion that the warrants were not in the actual or constructive possession of the court when the sheriff replevied them, and that the order appealed from is erroneous.

Order reversed.