SOMMERVILLE,, J.
The question in this •case is as to the right of a receiver of an insolvent corporation, without alleging fraud, to enjoin the execution of a judgment in favor of a creditor against the insolvent, where the judgment recognized a vendor’s lien and privilege in favor of the creditor on certain machinery sold to the debtor, and where the property is in the hands of the sheriff under a writ of fieri facias issued at the instance of the judgment creditor prior to the appointment of the receiver.
Defendant moved to dissolve the injunction, and asked for damages, and also pleaded the exception of res adjudicata to the petition of the receiver.
The receiver appeals from a judgment dissolving the injunction, with damages; and appellee has answered the appeal, asking that the judgment be amended by increasing the damages'allowed for attorney’s fee from §100 to §300.
O. J. Walton & Son, Incorporated, defendant here, was plaintiff in a suit against the Uncle Sam Planting & Manufacturing Company for the price of certain machinery sold by the former to the latter, and upon which the former claimed the vendor’s lien and privilege. There was judgment in favor of the plaintiff and against the defendant for a certain amount, with recognition of the lien and privilege claimed by it. The amount of the judgment not being paid, plaintiff in that suit caused execution to issue, and the property was seized by the sheriff under a ■writ of fieri facias, and that officer was proceeding to sell same to satisfy said writ, when a receiver was appointed to the Uncle Sam Planting & Manufacturing Company, the judgment debtor, and he, the receiver, caused an injunction to issue in the suit now before the court, to prevent the sale of the property, on the ground that it was immovable, and not subject to the vendor’s lien and privilege. This was the very point at issue, and which was decided in favor of the plaintiff, in the suit of Walton & Son, Incorporated, v. Uncle Sam Planting & Manufacturing Company; and that judgment was final.
Plaintiff, receiver, has not directed the attention of the court to any adjudicated case whore the proceeding attempted by him has been sustained. He does not allege fraud on the part of the insolvent and the judgment creditor.
He alleges that the machinery was immovable, and not movable, and therefore not liable to be seized by the vendor. But that is a matter which was settled in the judgment between the Walton Company and the Uncle Sam Company. It could not have been opened by the Uncle Sam Company, the judgment debtor, and it cannot be opened by the receiver of that company.
Mr. High, in his work on Receivers (4th Edition, § 138), says:
“It is important to observe that the receiver’s possession is subject to all valid and existing liens upon the property at the time of his appointment, and does not divest a lien previously acquired in good faith. And when creditors have obtained judgments against their debtor, which are a lien upon his real estate, prior to the appointment of a receiver of the debtor’s property and estate, the receiver is seized of the land subject to the lien of the judgments. So where creditors obtain judgment and levy upon the property of the debtor, and a receiver is afterward appointed, who takes possession of the property and sells it, the sheriff who made the levy is entitled to the proceeds of such sale. * * * And where property comes into the possession of a receiver subject to pre-existing liens, it is as much his duty to preserve and protect such liens in favor of the holders thereof as it is to make a just .distribution of the assets among the unsecured creditors.”
*91 The same author, in section 205, says:
“Eor the purpose of actions and suits, connected with their receivership, receivers occupy substantially the same relation which was occupied by the original parties against whom or over whose estate they were appointed.”
•And again, in section 245:
“Since the appointment of a receiver in limine does not affect any questions of right involved in the action, and does not change any contract relations or rights of action existing between parties, it follows as a general rule that in ordinary actions brought by a receiver in his official capacity, to recover upon an obligation or demand due to the person or estate which has passed under the receiver’s control, the defendant may avail himself of any matter of defense which he might have urged, had the action been brought by the original party, instead of by his receiver.”
And Mi*. Alderson, in his work on Receivers, says:
“A judgment against the corporation operates as an estoppel against the receiver.” Section 377.
Mr. Black, in his valuable work on Judgments, in section 476, says:
“It is held that the lien of a judgment on the real estate of a corporation is not lost or affected by the subsequent appointment of a receiver to settle the business of such corporation; nor is the judgment plaintiff thereby prevented from proceeding by execution, levy, and sale, of such property to make his debt.”
In the case of State ex rel. v. Judge, 7 Wash. 77, 34 Pac. 430, where the effect of an attachment was under discussion, the court say:
“When a creditor lawfully obtains an attachment against property by levy of the writ by the sheriff, the law gives him, not only the right to have his debt paid out of the proceeds of that property, but it also gives him the absolute right to have that property retained intact in the hands of the sheriff until such time as he may obtain judgment and issue execution, subject to the power which the attachment statute itself gives to the court to appoint a receiver in certain cases.”
That same court, in State ex rel. v. Judge, 8 Wash. 210, 35 Pac, 1087, 25 L. R. A. 354, where the rights of certain attaching creditors of a corporation to which a receiver had been appointed, say:
“The general proposition is laid down in Gluck and Becker on» Receivers, Beach on Receivers, High on Receivers, and in the American and English Encyclopaedia of Law, that a receiver only takes such rights in the property of the corporation as it had at the date of his appointment, or, at most, at the date of the commencement of the action in which the appointment is made; and the author of each of these works cites abundant authority to sustain such general proposition. * * * Under the general rule referred to, the receiver only took such rights as the corporation had; and as the corporation had no right to interfere with the property in question, it must follow that the receiver could not rightfully assert any claim thereto not subject to the lien of relators and the right of the sheriff to retain possession and proceed in the enforcement of the process in his-hands.”
The same principle is announced by the court in Cherry & Parkes v. Western Washington Industrial Exposition Co., 11 Wash. 586, 40 Pac. 136. In the case of Van Alstyne v. Cook, 25 N. Y. 489, -the court say:
“The levy in this case upon the property of' the partnership was made before the order for the appointment of the receiver, was not overreached by such order, and was valid. The subsequent appointment of a receiver could not deprive the plaintiffs in the execution of the rights, acquired by such levy.”
Again, in the case of Great Western Telegraph Co. v. Loewenthal, 154 Ill. 261, 40 N. E. 318, the court of that state say, in a suit by a receiver against alleged stockholders:
“The court, through its receiver, had no more-power to make and enforce payment of assessments than the directors and courts would have-had if no receiver had been appointed.”
Numerous authorities to the same effect are cited in 23 Cyc. 1248, and 34 Cyc. pp. 391 and 405.
After a diligent search, the court has been unable to find any authority in opposition to-the principles recited above; and we hold, with the district judge, that the receiver in this case took only the rights and interests of the corporation which he represents, and *93 any rights of action which the insolvent corporation might have had; and it follows that defenses which might have been made against the insolvent corporation, which the receiver is here representing, may be set up by the defendant, which might have been set up in a suit by the corporation itself. The receiver here took the assets of the corporation which he represents subject to the conditions and legal disabilities with which it was trammeled in the hands of the corporation.
Defendant might properly have pleaded the exception of res ad judicata to the suit of the corporation; and it clearly had the right to file that exception and plea to the receiver of said insolvent corporation.
The judgment will be affirtued.
It appears that, prior to the filing of the exception of res ad judicata by defendant, it moved to dissolve the injunction on certain grounds, that plaintiff moved that said motion to dissolve be ordered to stand as an answer, and that as there was no denial contained in said motion, or answer, of certain of the allegations made in said petition, he prayed for judgment in his favor as receiver. The court ordered the motion to dissolve to stand as an answer, with leave to defendant to supplement or amend same. But the court refused to enter judgment against defendant, on the ground alleged: That it, the answer, did not conform to the statute. And as Act No. 157 of 1912, p. 225, § 1, says at the end of paragraph 4, “No appeal shall lie from such judgment dismissing such rule,” (referring to a rule which permits a plaintiff to ask for a judgment upon a petition and answer, without going • into a trial on the merits), the ruling of the court is not before us for review.
The amendment of the judgment asked for by appellee will not be allowed, as the record contains no evidence as to the value of the services of counsel.
Judgment affirmed.