LAND, J.
This ' suit was instituted by plaintiff on April 4, 1921, against defendant corporation, to have a receiver appointed, and to obtain judgment in the sum of $625, with interest and attorney’s fees, on two promissory notes signed by said corporation."
It is alleged in plaintiff’s petition that defendant corporation has large assets, consisting of 17,000 acres of land worth more than $100,000, stock and improvements, and a large claim for damages against Gueydan & Riley; that the board of directors of defendant corporation had passed a resolution declaring the corporation unable to meet its obligations as they matured, although the corporation was solvent; that Henri L. Gueydan had obtained a judgment against defendant corporation for a sum in excess of $10,000, from which judgment the defendant had prosecuted a devolutive appeal; that the said Henri L. Gueydan had caused a writ of fieri facias to issue upon said judgment, and had seized all the claims for damages which the defendant held against the firm of Gueydan & Riley, and that a forced sale thereof under seizure would result in a great sacrifice to the corporation.
It is further alleged in plaintiffs petition that defendant corporation had about 2,000 acres planted in rice, from which it expected to realize a sufficient profit to meet the floating ihdebtedness of the corporation.
Plaintiff prayed that defendant corporation show cause why a receiver should not be appointed with full power to run the said corporation as a going concern, and that a restraining order issue restraining the creditors of the said corporation from issuing execution or taking any action upon any claims or judgments until the final determination this suit.
An order was issued requiring defendant to show cause on April 9, 1921, why a receiver should not be appointed, and also restraining execution against any of the property of the defendant corporation pending the application for a receiver.
On April 11, 1921, defendant corporation answered through its secretary-treasurer, admitting all of the allegations of plaintiff’s petition, and joining in the prayer of the plaintiff, and asking for judgment in accordance with the same.
*145 On April 11, 1921, Henri L. Gueydan filed a petition of intervention, in which he alleged that he was a creditor of defendant corporation in a sum exceeding $12,000, as shown by judgment in the suit of Henri L. Gueydan v. T. P. Ranch Company, rendered in the district court of Jefferson Davis parish; that intervener had caused a writ of fieri facias to issue upon said judgment, and placed it in the hands of the sheriff of Jefferson Davis parish, and that the property seized thereunder was advertised by the sheriff for sale to he held on April 23, 1921, and that the real estate belonging to defendant corporation in Cameron parish was incumbered by two special mortgages, one in favor of the New Orleans Cattle Loan Company for $75,000, and one in favor of the Mortgage Securities Company in the sum of $100,000 plus the accrued interest.
Intervener further alleged that this suit had been instituted by plaintiff upon the solicitation and request of the defendant corporation for the express purpose of delaying, hindering, or preventing, if possible, the execution of intervener’s judgment, and thus depriving him indirectly of his legal rights to collect the amount, of said judgment in the method prescribed by law, which the defendant corporation was unable to accomplish directly.
Intervener further alleged that the appointment of a receiver was unnecessary to protect plaintiff’s rights, or the rights of any other creditor of defendant corporation, but alleged that, on the contrary, the only result that could be derived from the appointment of a receiver would be to pile up and incur several thousand dollars of expenses in receiver’s fees, attorney’s fees, etc., which would take precedence in the distribution of the proceeds of the sale of said property over the privileged creditors, including the intervener.
Intervener further alleged that the restraining order granted herein should be set aside for the following reasons:
(1) Because it was granted without requiring an injunction bond, as specifically required by section 3 of Act 159 of 1898.
(2) Because intervener, not being a party to application for a stay of proceedings or being served with notice thereof, cannot be bound thereby.
(3) Because no emergency is shown to exist as a reason why notice thereof should not be entered upon the receivership order book prior to the granting thereof.
Intervener prayed that both plaintiff and defendant corporation be cited to appear and answer the intervention, that the restraining order be vacated, annulled, and set aside, and that plaintiff’s demand for appointment of a receiver be rejected.
Plaintiff and defendant filed an exception of no right of action to the petition of intervention, which was argued and overruled, whereupon defendant corporation filed an answer admitting that the intervener was a judgment creditor, and that the two special mortgages rested upon its property, and again alleged the necessity of a receiver in order to prevent the intervener from selling its property.
The plaintiff filed an answer to the petition of intervention adopting all of the allegations of the answer filed by the defendant.
Under these issues as presented, the case was tried, and judgment was rendered, vacating and setting aside the restraining order, rejecting plaintiff’s demand for the appointment of a receiver, and ^warding to plaintiff the amount sued for with interest and attorney’s fees.
The exception of no right of action filed by plaintiff and defendant to the petition of intervention was properly overruled by the trial judge, as the petition of intervention clearly discloses that the intervener has an *147 interest “opposed to both the plaintiff and the defendant.” O. P. 890.
Tl;e legal questions presented in, the case are:
(1) The power of the district court to issue a restraining order upon the application for the appointment of a receiver, in order to stop the execution of a judgment wherein a seizure has been effected prior to the actual appointment of the receiver.
(2) The right of the plaintiff to secure the appointment of a receiver upon the sole and only ground that the board of directors of defendant corporation have passed a resolution declaring the defendant corporation unable to meet its obligations as they may mature.
[1] Section 3 of Act 159 of 1898 reads as follows:
“Be it further enacted, etc., pending the hearing and determination of such application the court may, in its discretion, and on plaintiff giving bond in a sum, to be fixed by the court, restrain by injunction the'corporation, its officers, stockholders and agents from disposing of its property or changing the status of its officers to the injury of the plaintiff, or staying proceedings by other persons against its property.” (Italics ours.) •
This section clearly intends that the restraint shall be “by injunction” and “on plaintiff giving bond,” whether such restraint is directed against the corporation, its officers, agents, and stockholders, or whether it is directed against the other creditors of the corporation to stay proceedings against its property.
Temporary restraining orders, issued ex parte and without bond, are unknown to the jurisprudence of this state, and, in the face of the plain language of this section, we do not find it possible to construe the words “or staying proceedings by other persons against •its property,” as authority for issuance by the judge of a stay order without bond, because of the analogy between feceivership proceedings and respite and insolvency proceedings. The district court was therefore without authority to issue the restraining order in this case without bond, and said order was properly vacated and set aside.
[2] It is also to be observed that, under the language of section 3 of Act 159 of 1898, the granting of an injunction is not a matter of right to the creditor applying for the appointment of a receiver, as this section provides that “pending the hearing and determination of such application the court may, in its discretion, and on plaintiff giving bond,” etc., “restrain by injunction,” etc. The issuance of an injunction in such cases is therefore addressed to sound judicial discretion, and the stay of proceedings by the judge is not made mandatory, as in case of application by the debtor to make a voluntary cession of his property to his creditors. R. S. § 1790.
[3] It is well settled that a receiver cannot enjoin the execution of a judgment wherein the seizure occurred prior to his appointment in the absence of allegations of fraud or special interest in the property seized.
“The appointment of a receiver does not deprive a sheriff of the right to retain and sell personal property seized under execution prior to the appointment.” Alderson on Receivers, §169, p.200; 4 Pomeroy, Equity Jurisprudence, § 1577, p. 3707; Talladega Mercantile Co. v. Jenifer Iron Co. et al., 102 Ala. 259, 14 South. 743; Ford v. Judsonia Mercantile Co., 52 Ark. 426, 12 S. W. 876, 6 L. R. A. 714, 20 Am. St. Rep. 192.
“The appointment of a receiver does not affect liens so far as they give priority, acquired by execution, attachment, or garnishment before the appointment of the receiver, nor is the lien of a judgment postponed to the rights of the receiver, because it was entered after the filing of the bill for his appointment, if the entry of the judgment preceded the service of process in the receivership proceedings.” 5 Fletcher on Corporations, p. 4905.
“The general rule is that the appointment of a receiver of corporate property does not affect or divest; but is made subject to existing rights and liens, and hence the lien acquired by the levy of an execution, prior to the appointment *149 of a receiver, is valid, and the sale may be made as though no receiver had been appointed.” 3 Thompson, Corp. (2d Ed.) § 3303, p. 1241; 23 R. C. L. § 51, p. 49.
“The lien acquired by a creditor by a judgment, or by a judgment and execution placed in the hands of the officer, or by the levy of an execution or attachment, cannot be destroyed by the subsequent appointment of a receiver of the debtor’s estate.” 34 Cyc. 228.
“A receiver has no right to property of defendant which was taken in execution before his appointment.” 34 Cyc. 229.
See 34 Cyc. 203, 405.
In the case of Reynaud v. C. J. Walton & Son, 136 La. 88, 66 South. 549, this court said:
“The question in this case is as to the right of a receiver of an insolvent corporation, without alleging fraud, to enjoin the execution of a judgment in favor of a creditor against the insolvent, where the judgment recognized a vendor’s lien and privilege in favor of the creditor on certain machinery sold to the debtor, and where the property is in the hands of the sheriff under a writ of fieri facias issued at the instance of the judgment creditor prior to the appointment of a receiver.”
In holding that the sale would not be restrained, the court said:
“We hold, with the district judge, that the re-x eeiver in this case took only the rights and interest of the corporation which ho represents, s-. * * iphg receiver here tobk the assets of the corporation which he represents subject to the conditions and legal disabilities with which it was trammeled in the hands of the corporation.”
Among the cases cited in the Reynaud' Case is the ease of Van Alstyne v. Cook, 25 N. Y. 489, in which the court said:
“The levy in this case upon the property of the partnership was made before the order for the appointment of the receiver, was not overreached by such order, and was valid. The subsequent appointment of a receiver could not deprive the plaintiffs in the execution of the rights acquired by such levy.”
Also the following citation from Black on Judgments, § 476, is made:
“It is held that the lien of a judgment on the real estate of a corporation is not lost or affected by the subsequent appointment of a receiver to settle the business of such corporation, nor is the judgment plaintiff thereby prevented from proceeding by execution, levy, and sale of such property to make bis debt.”
After reviewing the authorities, including cases where property had been attached pri- or to the appointment of a receiver, this court, in announcing its conclusion said:
“After a diligent search, the court has been unable to find any authority in opposition to the principles cited above.”
[4] As the real purpose of this receivership is to divest the intervener of these claims, and to place them in the custody and under the control of the receiver for the benefit of the creditors and stockholders, and as this cannot be legally effected under the facts of this case, the application for the appointment of the receiver should be denied. In addition to this, the facts of this case do not reasonably warrant the appointment of , a receiver. If the claims for damages seized by intervener are worth $75,000, as the testimony shows, it is reasonable to presume that, as intervener’s judgment is only in excess of $12,000, these valuable assets will bring considerably more than that sum, and there should be left after the payment of intervener’s judgment sufficient funds on hand to pay the small claim of plaintiff, amounting to the sum of $625, interest, and attorney’s fees.
That there is no necessity for the appointment of a receiver to run defendant corporation as a going concern is shown by the fact that, although plaintiff alleges in his petition filed April 4, 1921, that about 2,000 acres of land are already planted in rice, and from which it is probable that enough profit will be realized to pay much of the floating indebtedness of said corporation,, the testimony taken on' April 11, 1921, on *151 the trial of the rule to show cause why a receiver should not be appointed, established the fact that only 150 acres had been planted in rice; that the defendant corporation has no expenses of the crop except pumping expenses, and receives one-fifth of the crop for. the land and oné-fifth for the water, the tenants furnishing sacks, threshing, labor and their own supplies.
The testimony further showed that the mortgages of the two largest creditors named in the intervention in this case were not subject to foreclosure at the date of the application, and that arrangements had been made with them.
[5] The mere adoption of a resolution by a board of directors that a corporation is unable to meet its obligations as they mature does not necessitate per se the appointment of a receiver.
In the case of Saxon v. Southwestern Brick & Tile Co., 113 La. 642, 37 South. 541, this court said:
“The statute does not say that in such cases a receiver shall be appointed if the board of directors so wills or directs.”
The appointment of a receiver for the causes set forth in section 1 of Act 159 of 1898 are not mandatory, but are subject to judicial discretion, and a receiver should not be appointed, except in cases where it is evident that such appointment will serve some useful purpose. 4 Pomeroy’s Equity Jurisprudence (3d Ed.) § 1331, p. 2653; Saxon v. Southwestern Brick & Tile Co., 113 La. 642, 37 South. 540; Smith on Receivers, p. 14; Beach on Receivers, p. 9; High on Receivers (3d Ed.) p. 9.
The judgment appealed from is therefore affirmed, at appellant’s costs.
Rehearing refused by Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.-