# EX REL. NENZEL *v.* DISTRICT COURT
## No. 2720
December 4, 1925.                    241 P. 317.

1. Receivers—Court Cannot Direct Receiver to Take, from Possession of Sheriff, Property Attached by Creditor.

The superior court has no authority to order a receiver appointed under Rev. Laws, sec. 5193, as amended by Stats. 1923, c. 22, sec. 1, and not under Rev. Laws, sec. 1195, or Stats. 1925, c. 177, sec. 47, to take from the possession of a sheriff property of a corporation levied upon by him under attachment by a creditor.

2. Receivers—Sheriff May Refuse to Deliver Property Lawfully Attached to One Claiming as Receiver under Void Appointment.

A sheriff, having come into possession of property by a lawful attachment and being in peaceable possession thereof, may refuse to deliver it to a receiver even if attachment has been discharged, where appointment of receiver was null and void.

3. Estoppel—Receiver Estopped from Questioning Attachment by Sheriff.

Where court appointed a receiver to whom sheriff refused to deliver property of corporation which he had attached in behalf of creditor, receiver *held* estopped, by his allegation in a contempt affidavit filed against the sheriff alleging that latter held the property under attachment, from subsequently questioning the attachment.

4. Attachment—Failure to File Attachment Bond on Date Required, Cured.

Where attaching creditor was required by court to file an additional bond and such bond was not approved until several days after date set for its filing, attachment lien *held* not discharged, but defect was cured under district court rule 20, allowing amendments.

5. Receivers—Appointment of Receiver Held Unauthorized in Absence of Action Pending.

An appointment of a receiver under Rev. Laws, sec. 5193, is unauthorized in the absence of an action pending in which the application is made.

6. Receivers—Appointment of Receiver in a Separate Proceeding, after Judgment in Action to Recover on a Money Demand, Not Authorized under Statute.

The appointment of a receiver in a separate proceeding for that purpose, after a judgment in an action at law to recover on a money demand, is not authorized under Rev. Laws, sec. 5193, subds. 3 and 4.

7. Corporations — Appointment of Receiver Not Authorized because of Mere Insolvency.

Appointment of receiver of a corporation, merely because the corporation is insolvent, is not authorized by Rev. Laws, sec. 5193, subd. 5.

8. Receivers—Court Held Not Entitled to Appoint Receiver under Equity Powers Conferred by Statute.

The court had no jurisdiction to appoint a receiver to take over and manage and operate corporate property under its general equity powers as conferred by Rev. Laws, sec. 5193, subd. 6, where plaintiff, a creditor, had an adequate remedy at law and no irreparable damage would be sustained.

See (1, 2, 4, 5, 6, 8) 34 Cyc. p. 23, n. 50; p. 29, n. 77; p. 65, n. 28; p. 229, n. 43; 6 C. J. sec. 312. p. 173, n. 73 (new); (3) 21 C. J. sec. 23, p. 1066, n. 75; (7) 14A C. J. sec. 3161, p. 947, n. 10; sec. 3178, p. 958, n. 13.

Prohibition by the State of Nevada, on the relation of Joseph Nenzel and others, against the Second Judicial District Court of the State of Nevada in and for Washoe County, and George A. Bartlett, as Judge of said court. **Writ made permanent. Rehearing denied.**

*Thos. E. Powell, M. B. Moore, George F. Snyder* and *Wm. McKnight,* for Petitioners:

Receiver cannot be appointed or take over all assets except in dissolution action brought according to law. Havemeyer v. Court, 24 P. 121; French Bank Case, 53 Cal. 495; Rev. Laws, 1195; Stats. 1923, 20.

Prohibition is proper remedy to prevent punishment as for contempt for alleged violation of void order. Main v. Luce, 215 P. 399. Also to prevent court from taking possession by receiver when order of appointment is void. Murray v. Court, 62 P. 191.

Supreme court is not precluded from determining jurisdiction where its want is apparent from pleadings, because no plea to jurisdiction was entered in lower court. High on Extraordinary Legal Remedies, sec. 744; State v. Court, 200 P. 92.

Court has no authority to direct receiver to take possession of property previously attached. High, sec. 440; State ex rel. v. Court, 34 P. 430.

Not having objected to bond or attachment, respondents cannot urge objection here. 6 C. J. 175; Moresi v. Swift, 15 Nev. 215.

Complaint fails to show corporation is insolvent; that there was no complete remedy at law, but it does

show there was remedy by execution on property not covered by attachment; it was filed in one county and property is situated in another; it contains only legal conclusions, and shows collusion. State ex rel. Krich v. Court, 78 P. 461; Heavilon v. Bank, 81 Ind. 249; 34 Cyc. 107, 111; Smith on Receivers (2d ed.), 692.

*Prince A. Hawkins, Price & Hawkins,* and *Cooke & Stoddard,* for Respondent:

In Von Roun v. Court, 58 Cal. 358, under nearly similar circumstances court held question one of jurisdiction solely.

Every material question in this petition has been held without merit upon prohibition. Irving National Bank v. Court, 47 Nev. 86; State ex rel. Cameron v. Court, 48 Nev. 198. Reinhart Co. v. Mng. Co., 48 Nev. 32.

Prohibition will never issue except in cases of usurpation or abuse of power, and then only when other remedies are inadequate. Walcott v. Wells, 21 Nev. 47; Agissiz v. Court, 27 P. 49.

Petitioners could have appeared, and it was their duty to appear in receivership court by intervention, with rights of appeal secured. Irving Bank Case, supra.

Appeal is proper and adequate remedy to prevent appointment of receiver and sale by him of property; prohibition will not issue though order is in excess of jurisdiction. White v. Court, 42 P. 472.

Insolvency for receivership purposes and insolvency for bankrupt purposes are distinguished. Insolvency imports present inability to pay; future contingencies do not affect matter. In Re Wells, 29 Fed. 637; 7 R. C. L. 745.

Receivers are quite universally appointed where corporations, though not insolvent, are temporarily embarrassed financially if receivership facts are set forth in petition, where such course will protect creditors and stockholders and preserve assets. 1 Tardy's Smith on Receivers (2d ed.), 691; Ry. Co. v. Steel Co., 75 Fed. 54; Booth v. Mng. Co., 104 P. 207; 8 Fletcher Cyc. Corp., sec. 5215, criticizing doctrine in French Bank Case.

Attachment was discharged as to property affected when additional bond required was not filed.

Is not most important question whether going concern, operating at full capacity, may be closed down and virtually destroyed by one attaching creditor, to irreparable injury of other creditors and of company itself?

## OPINION

By the Court, COLEMAN, C. J.:

This is an original proceeding in prohibition. The petition alleges that Hon. George A. Bartlett at all times therein mentioned was and now is one of the judges of the Second judicial district court of the State of Nevada, in and for the county of Washoe, presiding in department 2 thereof; that the petitioner Jurgensen at all times mentioned was and now is the duly elected, qualified, and acting sheriff of Pershing County, Nevada; and that petitioner Thomas E. Powell is and at all times mentioned in the petition was the duly appointed, qualified, and acting district attorney of said Pershing County; that on the 31st day of July, 1925, there was commenced in the Sixth judicial district court of Nevada, in and for Pershing County, a certain action by A. R. McRae, as trustee in bankruptcy, and Joseph F. Nenzel, against the Rochester Silver Corporation, a corporation, to recover judgment in the sum of $1,025,000; that thereafter a writ of attachment was issued in said suit pursuant to which said Jurgensen, as sheriff, attached certain real and personal property belonging to said company, which has ever since remained in the possession of said sheriff pursuant to said writ of attachment; that thereafter the said Sixth judicial district court made an order requiring the plaintiffs in said suit to file an additional bond on attachment in the sum of $17,500, on or before September 18, 1925; and that said order was complied with.

It is further alleged in said petition that on the 19th day of September, 1925, the Nevada Valleys Power Company, a corporation, as plaintiff, commenced a certain

proceeding against the Rochester Silver Corporation, as defendant (hereinafter referred to as "Co."), a copy of the complaint in which proceeding is annexed to and made a part of the petition herein; that thereupon the said Nevada Valleys Power Company caused to be filed in said last-mentioned proceeding a notice of motion for the appointment of a receiver and for an injunction, a copy of which is annexed to and made a part of the petition herein; that thereafter and on the same day, the court, in said proceeding, appointed C. T. Stevenson as receiver of the Rochester Silver Corporation and also issued an injunction therein, a copy of which is annexed to and made a part of the petition herein; and that on said last-mentioned day the said Stevenson duly qualified as such receiver.

It is further averred: That on September 21, 1925, said Stevenson, as such receiver, demanded that the petitioner Jurgensen, as sheriff as aforesaid, deliver to said Stevenson, as such receiver, all of the property which had come into his hands as such sheriff pursuant to the attachment proceedings aforesaid, but that said sheriff refused and still refuses to deliver over the same, and that the petitioner Powell, as district attorney, advised him to so refuse. That thereafter and on the 8th day of October, 1925, the said receiver filed in the office of the clerk of the said Second judicial district court an affidavit of facts on application for citation for contempt, a copy of which is annexed to the petition and made a part thereof. That thereupon the respondent issued, made, and entered an order in criminal contempt directed to the petitioners Jurgensen and Powell, citing them to appear before the respondent court and show cause why they should not be adjudged guilty of contempt for violating said order appointing said receiver and issuing said injunction, a copy of which is annexed to and made a part of the petition. It is further averred that the respondent threatened to, and unless restrained will, adjudge petitioners Jurgensen and Powell guilty of contempt of court, and will imprison the said Jurgensen until he shall deliver the property mentioned to said receiver.

Upon the filing and presentation of the petition herein, it was ordered that an alternative writ of prohibition issue.

Respondent filed a demurrer to the petition and also an answer and return to the writ. In the answer and return the respondent denies that the additional bond in the sum of $17,500 was filed in conformity with the order of the court, and avers that in addition to requiring said additional bond, the order provided that the property attached "be, and the same hereby are, released from said writ of attachment—unless such additional bond or undertaking on attachment, so conditioned, and in the sum of $17,500, be furnished and filed in the above-entitled action and court on or before September 18, 1925." It is further averred that said bond was not approved until the 22d day of September, 1925.

The complaint in the proceeding for the appointment of a receiver alleges:

"That the plaintiff had theretofore obtained a judgment against the Co. in the sum of $1,939.56, and that in addition to said judgment debt "various other persons are making claims against said defendant for money claimed to be due from said defendant, and several suits have been commenced, and are now pending in different courts of the State of Nevada, and in some of said actions, writs of attachment have been issued and portions of the assets and property of said defendant have been attached, including the mill and machinery therein, and the attaching officer has closed down said mill; that, according to information and belief, none of the claims involved in said actions have been adjudicated or determined, but are being contested by said defendant.

"That, while the aggregate of the property and assets of defendant company at a fair valuation is more than sufficient in amount to pay the debts of said defendant company, unless a receiver is appointed and injunction granted as prayed herein, other suits will be commenced against said defendant company, and the property and assets of said defendant company will be seized by writs of attachment or execution or other process, and thereby

dissipated, lost, removed, or materially injured, and the business and enterprise of defendant company will be disrupted, broken, dissipated, and destroyed, and the value of the property and assets of said defendant company greatly diminished, to the great and irreparable injury of plaintiff and of other creditors of defendant company and of the defendant company. That the appointment of a receiver as prayed for is necessary in order to prevent serious loss and irreparable injury to the plaintiff, as a judgment creditor of the defendant, and other parties interested, as herein set forth. That said judgment debtor refuses to apply any of its property in satisfaction of plaintiff's said judgment. That, according to information and belief, the amounts claimed to be due from defendant to the parties instituting suits, and in which writs of attachment have been issued as herein set forth, are unreasonable and fictitious, and are not bona fide claims of indebtedness of defendant company herein.

"That, according to information and belief, the principal property and assets of said defendant company are: Certain lode mining claims, some 40 or 50 claims, situated in Rochester mining district, Pershing County, Nevada, all of which constitute a group of mining claims; a 10-stamp (1,550 pounds each) cyanide mill, and reduction works, including all machinery and apparatus used in the operation of said 10-stamp cyanide mill, said mill having a daily capacity of approximately 160 tons, boarding house, storerooms, mining cars, drills, picks, shovels, pipes, blacksmith's shop and equipment, assay office and supplies, powder cyanide, and much other personal property and machinery used by said defendant company in the working of said mining claims and operating said mill."

It is further alleged in the complaint in said receivership suit that through some arrangement E. R. Bennett and W. G. Emminger had been working certain of the mining claims owned by the Co. and operating its said mill until August 31, 1925, when the mill was shut down by virtue of the writ of attachment mentioned, and that

the Co. was unable to execute a sufficient bond to procure its release. It is further alleged in said complaint, on information and belief, that unless the property and assets of the Co. are taken under possession and control of the court, other persons claiming to be creditors of the Co. will commence suits and seize by writs of attachment and execution the property and assets, or portions thereof, of the Co., and thereby prevent, hinder, and delay the operation of the mine and mill of the Co., and that there is great danger that its property and assets will be lost, removed, and materially injured, and the business and enterprise of the Co. will be disrupted, broken, and destroyed, and the value of such property greatly diminished. It is also alleged that the appointment of a receiver to take possession of the assets of the Co. and to continue the operation of its business and its mines and mill was necessary.

The complaint concludes with the prayer, among other things, that the court appoint a receiver to take possession of all of the assets of the Co. and that he be authorized and directed to carry on and conduct the mining and milling operations and business of said Co.

On the day on which said complaint was filed, notice of motion for the appointment of a receiver for the Co. was accepted by one designating himself as its assistant secretary, who stipulated that the hearing might be had at the time stated in the notice, though no notice of such application was given to the attaching creditors of the petitioner sheriff.

Upon the presentation of said matter to the respondent court, it appointed C. T. Stevenson receiver of the Co. with authority to carry on, manage, conduct, and operate the mines and mill and the business of said defendant Co., according to the usual course of business of like character. Several reasons are urged why the alternative writ should be made permanent.

1. At the threshold of this matter, we may say that there are three statutes in this state authorizing the appointment of receivers of corporations, each intended to apply to a particular situation, namely: Section 5193, Revised Laws; section 1195, Revised Laws, as amended

in 1923 (Stats. 1923, p. 20, c. 22) ; and Stats. 1925, p. 307, sec. 47 (c. 177).

In behalf of counsel for respondent, it is contended that the court in appointing the receiver for the Co. proceeded under provision of the first-mentioned section. Such is clearly the fact.

It is said that even if the court had jurisdiction to appoint a receiver of the Co., the writ must be made permanent because of the fact that the property was in possession of the petitioner sheriff, pursuant to a levy under a writ of attachment. In opposition to this contention, and to nearly every other point made in behalf of the petitioner, the Irving National Bank Case, 47 Nev. 86, 217 P. 962, is very strenuously urged upon us. Just how that case can be an authority in the instant matter is more than we can understand. In the first place, the appointment of the receiver in the matter there under consideration was pursuant to the act of 1923, supra, and the jurisdiction of the court to make the appointment was not questioned. But the fact which distinguishes that matter from this, as appears from the statement of the facts of the case, is that the receiver of the Como Consolidated Mines Company had taken the property from the possession of the sheriff; while in the instant matter the receiver is endeavoring to have the sheriff punished for refusing to surrender the possession of the property to the receiver.

· The Irving Bank Case will exemplify the force of the rule recognized in Jensen v. Pradere, 39 Nev. 466, 159 P. 54, to the effect that every opinion must be read as applicable to only the particular facts of the case in which the opinion is rendered. The rule which we think controls in this case is stated in State ex rel. J. M. Arthur Mach. Co. v. Superior Court, 7 Wash. 77, 34 P. 430. That was a proceeding in prohibition, as here. The Arthur Co. had caused certain property of one of its debtors to be attached, as here. Thereafter the court appointed a receiver of the debtor, whereupon the receiver sought to take the attached property from the sheriff. In disposing of the prohibition proceeding, the court said:

"When a creditor lawfully obtains an attachment against property by levy of the writ by the sheriff, the law gives him not only the right to have his debt paid out of the proceeds of that property, but it also gives him the absolute right to have that property retained intact in the hands of the sheriff until such time as he may obtain judgment and issue execution. * * * And, although the superior court has general jurisdiction to appoint all receivers which the statute or the common law authorizes, it has no jurisdiction to direct a receiver, appointed in the manner in which this particular receiver was appointed, to take from the possession of the sheriff the property levied upon by him under the attachment of relator. Therefore, to the extent of prohibiting the respondents from interfering with the property in the hands of the sheriff, the writ will be issued."

This is a clear exposition of the law sustained by all of the authorities. The only case cited sustaining a contrary rule is Irving National Bank Case, supra, where, as pointed out, the sheriff had lost possession of the property when the writ was applied for.

While in the case of State ex rel. Hunt et al. v. Superior Court, 8 Wash. 210, 35 P. 1087, 25 L. R. A. 354, it is said, "There are many cases which hold that a receiver once in possession [as in Irving National Bank Case] of property cannot be disturbed in such possession, even by one who has a superior lien thereon," it is in accord with the rule enunciated in the Washington case previously quoted from. In Pease, Sheriff, v. Smith, 63 Ill. App. 411, it is said:

"The levies not only gave the plaintiff in the executions, and the plaintiffs in the attachments, if they maintained them, a prior right to the proceeds of the property, but they gave to the sheriff the prior right to the possession of the personal property levied upon. Enough cases are cited in High on Receivers, sec. 440, to establish that proposition."

In People v. Finch, 19 Colo. App. 512, 76 P. 1123, the court points out, as in the Illinois case, that the maintenance of the attachment lien by holding the possession

of the property by the sheriff gives him a superior right to that of the receiver. Other authorities sustaining the rule are Sanders v. Main, 9 Wash. 46, 36 P. 1049; Cherry et al. v. Western Wash, etc., 11 Wash. 586, 40 P. 136; Ward v. Healy, 114 Cal. 191, 45 P. 1065; Reynaud v. Walton, 136 La. 88, 66 So. 549; Elwell v. Goodnow, 71 Minn. 390, 73 N. W. 1095; Prentiss Co. v. Whitman & Barnes, 88 Md. 240, 41 A. 49; First Natl. Bank v. Cook, 12 Wyo. 492, 76 P. 674, 78 P. 1083, 2 L. R. A. (N. S.) 1012; Wiswall v. Sampson, 14 How. 52, 14 L. Ed. 322; Walling v. Miller, 108 N. Y. 173, 15 N. E. 65, 2 Am. St. Rep. 400.

2, 3. But it is said on behalf of respondent that the petitioner Nenzel failed to give the additional bond within the time ordered by the court, and therefore the attachment was discharged; hence petitioner cannot resist the efforts of the receiver to get possession of the property. The sheriff having come into possession of the property lawfully and being in the peaceable possession of it at the time the receiver made the demand for its delivery to him, he had a right to refuse it to the receiver, even if the attachment had been discharged, since the appointment of the receiver was null and void, as hereinafter shown. Furthermore, it having been alleged in the affidavit of contempt filed against Jurgensen and Powell in the district court that Jurgensen held the property under attachment, we are of the opinion that the respondent should be estopped from now questioning that allegation.

4. We are not prepared to say, however, that the attachment lien had been discharged. Our district court rule No. 20 allows amendments, and the defect complained of was cured. See, also, 6 C. J. 173.

5. Was the respondent without jurisdiction to make the order of appointment which it did?

In this state the appointment of receivers is controlled by statute. As we have pointed out, there are three statutes authorizing the appointment of receivers. The one under which it is contended Mr. Stevenson was appointed is section 5193, Revised Laws, which reads:

"A receiver may be appointed by the court in which an action is pending, or by the judge thereof:

"1. In an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject any property or fund to his claim, or between partners or others jointly owning or interested in any property or fund, on application of the plaintiff, or of any party whose right to or interest in the property or fund, or the proceeds thereof, is probable, and where it is shown that the property or fund is in danger of being lost, removed, or materially injured.

"2. In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, where it appears that mortgaged property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt.

"3. After judgment, to carry the judgment into effect.

"4. After judgment, to dispose of the property according to the judgment, or to preserve it during the pendency of an appeal, or in proceedings in aid of execution, when an execution has been returned unsatisfied, or when the judgment debtor refuses to apply his property in satisfaction of the judgment.

"5. In the cases when a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights.

"6. In all other cases where receivers have heretofore been appointed by the usages of the courts of equity."

The statute just mentioned is taken from the California statute (Kerr's Cyclopedic Code Civ. Proc. [1907 ed.] c. 5, sec. 564), and has been often construed by the court of that state, and naturally such interpretations are of great weight with us. That court has repeatedly held that at least two things are essential to the appointment of a receiver under the statute mentioned: First, there must be an action pending in which the application

is made; and, secondly, the petition must state sufficient facts under one of the subdivisions of the statute mentioned to justify such action. If there is no action pending in which the application for the appointment of a receiver is made, the court should not inquire further.

In the French Bank Case, 53 Cal. 495, 553, speaking of the statute in question, it is said:

"There is, of course, no such thing as an action brought distinctively for the mere appointment of a receiver. Such an appointment, when made, is ancillary to or in aid of the action brought. Its purpose is to preserve the property pending the litigation so that the relief awarded by the judgment, if any, may be effective. The authority conferred upon the court to make the appointment necessarily presupposes that an action is pending before it, instituted by some one authorized by law to commence it."

The views thus expressed have been repeatedly approved by the Supreme Court of California (Murray v. Superior Court, 129 Cal. 628, 62 P. 191), and such is the settled law of that state. Such is not only the rule in California, but in every court where a statute such as ours exists.

In Nebraska, where the statute provides that a receiver may be appointed in a "suit actually commenced and pending," the supreme court, in the case of Vila v. Grand Island, etc., Co., 68 Neb. 222, 94 N. W. 136, 97 N. W. 613, 63 L. R. A. 791, 110 Am. St. Rep. 400, 4 Ann. Cas. 59, after reviewing many authorities, held in a proceeding merely for the appointment of a receiver, as in the instant matter, that the court had no jurisdiction to make the appointment.

It would serve no useful purpose to prolong this opinion by reviewing the cases sustaining the view taken. A long list of authorities sustaining the rule may be found in a note to the last-mentioned case in 4 Ann. Cas. p. 67.

But it is said that the case of State ex rel. Cameron v. District Court, 48 Nev. 198, 228 P. 617, and Reinhart Co. v. Oklahoma Gold M. Co., 48 Nev. 32, 233 P. 842, are opposed to such conclusion. In the first case the

court simply held that since the court had jurisdiction of the receivership matter, any error appearing must be corrected on appeal. In the instant matter, we hold the court was without jurisdiction. Nor is there anything in the other case mentioned in conflict with what has been said in this matter. In that case the appointment of the receiver was not questioned, nor were the other points disposed of in the instant matter urged.

It is self-evident from the facts stated that no ground for the appointment of a receiver existed under paragraphs 1 and 2 of the statute quoted. Indeed, one of the counsel for respondent relies solely upon paragraph 6 of the statute as authority to sustain such appointment, while the other counsel relies upon paragraphs 3, 4, and 5.

6. It is said in behalf of respondent that paragraphs 3 and 4 contemplate just such a proceeding as was pursued in the receivership matter in question; that is, a separate proceeding after judgment in an action at law to recover on a money demand merely to obtain the appointment of a receiver. Such is clearly not the case as is pointed out by the Supreme Court of California in at least two opinions. That court, in Kreling v. Kreling, 118 Cal. 421, 50 P. 549, said:

"A receiver is an officer or representative of the court, appointed to take the charge and management of property which is the subject of litigation before it, for the purpose of its preservation and ultimate disposition according to the final judgment therein. * * * If he had not been appointed until after judgment has been rendered, as in the present case, his functions are limited to the property described in the judgment, either for the purpose of carrying the judgment into effect, or for its preservation until the judgment shall be executed."

The said court, in White v. White, 130 Cal. 597, 62 P. 1062, 80 Am. St. Rep. 150, said:

"The power, under subdivision 3 (a new provision of the code), to appoint a receiver 'after judgment to carry the judgment into effect,' applies only to cases where the judgment affects specific property. * * * The

provision has no application to a simple money judgment. In such case the writ of execution furnishes an ample sufficient remedy, and is the only means provided."

See, also, Davis v. Flagstaff, etc., 2 Utah, 74, 93.

7. It is contended that the court had authority pursuant to paragraph 5 of the section quoted. The supreme court of California had this paragraph under consideration in the French Bank Case, supra, where it was held that mere insolvency did not give the court jurisdiction to appoint a receiver over the property of a corporation; the court saying:

"But there is no statute in this state, none to which we have been pointed, which undertakes to confer upon a private person, either as stockholder or creditor, the right to maintain an action to dissolve a corporation upon the ground that it is insolvent, or to obtain relief by seizing its property out of the hands of its constituted management, and placing it in the hands of a receiver."

Such has been the uniform holding, for many years, as pointed out in the case of Murray v. Superior Court, supra, and since the paragraph in question was incorporated in our act by the revision of 1911, and taken from California (as appears from note to section 5193, Revised Laws), long after the decision in the French Case and the Murray Case, and many others, construing the section as stated, we feel bound by them.

8. As to the contention that pursuant to paragraph 6 the court was authorized to make the appointment under its general equity jurisdiction, we need only say that where it does not appear, as in this case, that the plaintiff has no adequate remedy at law, a court of equity acquires no jurisdiction. The general rule on this point is stated in Tardy's Smith on Receivers (2d ed.), in section 9, as follows:

"Following the principles appertaining to equity jurisdiction, it is a fundamental rule that a receiver will not be appointed if the plaintiff has a full and adequate remedy at law in respect to his alleged rights."

See, also, 14A C. J. 947; 8 Fletcher's Cyc. Corp. par. 5262; High on Receivers (4th ed.), sec. 399.

Even the case of Merrifield v. Burrows, 153 Ill. App. 523, so much relied on by the respondent, recognizes this rule. The case just mentioned is dissimilar in its facts from the instant case and throws no light upon the situation before us. There is no allegation in the complaint in the receivership matter of fraud, collusion, mismanagement, or any other allegation going to show that the board of directors of the company are incapable, unwilling, or neglectful in the performance of their duties, or that the Co. has suffered, or is about to suffer, through any neglect or oversight on their part.

We think it affirmatively appears from the complaint in the receivership matter that the plaintiff has an adequate remedy at law. There is no allegation of facts charging the insolvency of the Co., and if there were, mere insolvency is no ground for the appointment of a receiver under the statute in question. On the other hand, it is alleged in the complaint that the claims upon which the attachments were issued are fictitious, and in addition to this, it is alleged that the property and assets of the Co. are such that enough money can be realized from them, without the necessity of sale, if properly managed, to discharge all of the liabilities of the Co. The complaint itself shows that the Co. has a valuable property, against which no valid lien is asserted, yet plaintiff has made no effort to levy upon the property, or any part of it under an execution. How, in the face of this, can it be said that a court of equity ever acquired jurisdiction to appoint a receiver?

It seems that the real purpose of the receivership is to take over and manage and operate the property. How can a court, under its general equity jurisdiction, take over the property of a corporation, manage and operate it when there is no intimation of the incapacity, neglect, unwillingness, or other fact charging that the business of the company would suffer in the hands of its officers? The theory is, of course, that the Co. cannot operate the mill while it is in the custody of the sheriff. But neither can the receiver. It appears from the complaint that the officers of the Co. are defending the attachment suit,

and if it is fictitious, as charged, the attachment will be discharged in due time. A receiver could do no more, except incur large expense. Nor is there any foundation for the allegation that there will be great loss to the Co. The mineral in the ground will not dissolve or evaporate, and it is not claimed that any of the personal property is perishable, and the sheriff is liable on his bond for its safe-keeping. From no standpoint can we see that the court was justified in appointing a receiver.

The court was without jurisdiction to appoint a receiver, and all proceedings therein are null and void, including the order requiring the petitioners, Powell and Jurgensen, to show cause why they should not be punished for contempt; hence the alternative writ is made permanent.

April 8, 1926.

*Per Curiam:*

Rehearing denied.